CASE 51—PETITION ORDINARY—NOVEMBER 21.

# Rhode Island Underwriters' Association v. Monarch for use, &c.

### APPEAL FROM DAVEISS CIRCUIT COURT.

1. FIRE INSURANCE—NOTICE TO AGENTS NOTICE TO COMPANY.—
    Where the president of a railroad company took in his own name a policy of fire insurance upon property which he had bought for the railroad company, and of which the company was in possession, but to which he held the legal title, the company can not treat the policy as void upon the ground that the insured did not have the sole and unconditional ownership of the property, as

the agents issuing the policy had notice of the beneficial owner-ship of the railroad company, and notice to them must be re-garded as notice to the insurance company.

2. SAME—CHANGE OF TITLE.—The insurance company having notice of the fact that the railroad company was the beneficial owner of the property, a subsequent conveyance by the insured to the rail-road company, although without notice to; or consent of, the in-surance company, was not such a change of title as gives the insurance company the right to avoid the policy, there being, in fact, no change of ownership or possession.

CLAY & CLAY AND ELI H. BROWN FOR APPELLANTS.

1. The court should have required appellees to elect which cause of action they would prosecute—the one to recover damages for breach of the alleged policy of insurance or the one to have the policy of insurance reformed, for which an action can only be maintained in equity. And the court should also have sustained the motion to transfer to equity.

2. The railroad company had no title or interest in the insured prop-erty, legal or equitable.

Resulting trusts have been abolished, and when a deed is made to one party and the consideration is paid by another the party paying the consideration can only recover of the party in whose name the deed is made the amount paid and not the property it-self. (Martin v. Martin, 5 Bush, 47.)

3. Monarch having accepted the policy with full knowledge of the terms and conditions thereof, and having conveyed the property to the railroad company without a written assignment of the policy and the consent of the company thereto, the policy be-came void.

4. The provision requiring the assent to the assignment to be in writ-ing must be strictly complied with. (May on Insurance, sec. 378, 379, 385.)

SWEENEY, ELLIS & SWEENEY FOR APPELLEES.

1. The agent having notice of the state of the title when the policy was issued notice to him was notice to the company. (Heywood v. National Ins. Co., 52 Mo., 181; Dayton Ins. Co., v. Kelley, 24 Ohio St., 345.)

2. The agent of an insurance company has the power to waive by parol the written condition in a policy providing for a forfeiture

in case of a change of interest.   (Pratt v. N. Y. Central Ins. Co.,
55 N. Y., 505; s. c., 14 Am. Rep., 304; Ellis v. Albany City Fire
Ins. Co., 50 N. Y., 402.)

3. Where there is in fact and in law no real change of title the policy
is not avoided, although there may have been a formal transfer.
(Burnett v. Home Ins. Co., 46 Ala., 11; Pierce v. Nashua Ins. Co.,
50 N. H., 297; Dermain v. Home Ins. Co., 26 La., 96.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant, Rhode Island Underwriters Association, on
the 21st of November, 1892, by its general agents in Owens-
boro, Ky., issued and delivered to M. V. Monarch a policy of
fire insurance on a certain house in that city.   Before the ex-
piration of the policy, to wit, on the 17th of November, 1893,
the property was destroyed by fire.   On the 8th of August,
1893, Monarch conveyed the property to the Owensboro,
Falls of Rough & Green River Railroad Company.   The pol-
icy purported to insure M. V. Monarch against loss in the
sum of $900.   The appellant refused to pay the amount, and
this action followed.

M. V. Monarch sues for the use and benefit of the
Owensboro, Falls of Rough & Green River Railroad
Company, alleging that he was not the owner of
the property at the time of the issual and delivery
of the policy nor at the time it was destroyed by
fire; that he had purchased it for the railroad company
and held it in trust for it; that the company was in posses-
sion of the property when the policy of insurance was issued
and at the time it was destroyed by fire; that the agents of
the appellant knew the character and extent of his interest
in the property when the policy was issued, and, being in full
possession of such facts, the agent of the appellant advised
him to have the policy issued to him in the form in which it
was prepared and delivered.   The appellant denied the facts

as alleged by appellee, and claimed that it was exonerated from liability because of certain conditions or prohibitions in the policy.

The evidence in the case establishes the facts to be that Monarch bought the property for the railroad company; that he was holding it for them; that appellant's agent knew the condition of the title to the property when he accepted the risk for his employers and issued the policy; that they advised Monarch to so accept the policy; that it was accepted on the strength of that advice; that the railroad company paid the premium ($9) for the policy; that the notice as to the character of Monarch's interest in the property was made known to appellant's agent while the negotiation for the policy was going on, Monarch at the time being the president of the railroad company; that the railroad company had possession of the property when the policy was issued, which continued until it was destroyed by fire.

Among other provisions of the policy the following appears, viz: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void *    *    * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple *    *    *, or if any change other than by the death of an insured take place in the interest, title or possession of the subject of insurance *    *    * by voluntary act of the insured or otherwise."

Again: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements and conditions as may be endorsed hereon or added thereto, and no officer, agent or other representative of these companies shall have power to waive any provision or condition of this policy except such as by

the terms of the policy may be the subject of agreement en-
dorsed hereon or added thereto, and as to such provisions
and conditions no officer or agent or representative shall
have such power or be deemed or held to have waived such
provisions or conditions, unless such waiver, if any, shall be
written upon or attached thereto, nor shall any privilege or
permission affecting the insurance under this policy exist or
be claimed by the insured unless so written or attached."

These are the provisions of the policy upon which appel-
lant relies for exoneration from liability.

There is no question as to the fact that Fred W. Clarke &
Co., who issued the policy, were the general agents in Owens-
boro for the appellant, and that Fred W. Clarke was the ac-
tive one in receiving the business for the appellant. No proof
was taken by the appellant to show there were any limita-
tions upon their agency or right to fully represent them in
the transaction, except such as may appear by the terms of
the policy.

It is, however, contended that they had no power to waive
any of the conditions in the policy. This contention results
from the language in the policy which is quoted above.

The question is not as to their power to make such waiver,
but it is as to whether their principal is charged with notice
as to the character of Monarch's interest in the property.
Was notice to them notice to their principal? If it was, then
the principal made a waiver of the conditions of the policy
which are relied upon to defeat a recovery. The information
as to the character of Monarch's holding was not acquired
before the agency began or after it had ceased, but during
the, transaction.

The law presumes that the agent communicates the facts
relating to the transaction to the principal. The party deal-

ing with the agent has the right to consider his acts and knowledge binding on the principal.

It is said in Story's Agency, section 140: "Notice of facts to an agent is constructive notice thereof to the principal himself when it arises from or is at the time connected with the subject-matter of his agency; for upon general principles of public policy it is presumed that the agent has communicated such facts to the principal, and, if he has not, still, the principal having entrusted the agent with the particular business, the other party has a right to deem his acts and knowledge obligatory on the principal, otherwise the neglect of the agent, whether designed or undesigned, might operate most injuriously to the rights and interests of such party. But unless notice of the facts come to the agent while he is concerned for the principal and in the course of the very transaction or so near before it that the agent must be presumed to recollect it, it is not notice thereof to the principal."

Insurance companies can only act through agents. There is no reason why such companies should not be affected with notice to the agent. While such companies may try to restrict the powers of their agents and seek to avoid liability for the acts of their agents by inserting conditions in their policies, still they can not commission an agent to act for them in a given transaction and then seek to avoid responsibility by denying that notice to the agent in such transaction is notice to the principal.

In such a matter they are charged with notice to the agent in the same way that other principals are in transactions performed through agents. While they may restrict the power of their agents, they can not escape being charged with notice of such facts which come to the knowledge of the agent while engaged in the authorized transaction.

In Von Bories v. United Life, Fire and Marine Insurance Co., 8 Bush, 133, the insured had a policy on the United Life, Fire and Marine Insurance Company. The following day the insured obtained a policy on the same property from the Kenton Insurance Company.

In the policy issued by the United Life, Fire and Marine Insurance Company there was the following condition, to wit: "If there is or shall hereafter be made any further insurance on the property hereby insured or any part thereof, without being notified to this company, and its consent thereto written hereon, then, and in that case, this policy shall be of no binding force on this company."

The consent of the company was not endorsed on the policy. The same agent represented both companies.

The court said: "It can not be insisted, however, that in law the company did not have notice of the second insurance. Both policies were issued by the same person, who, with the knowledge and assent of appellee, was at the time acting as general agent in Louisville for both companies."

In that case it was held that notice to the agent was notice to the company, and that its failure to enforce the forfeiture before the loss waived its right to do so afterwards.

In Dayton Insurance Company v. Kelly, 24 Ohio St., 345, it appears there was a provision in the policy "that no insurance, whether original or continued, shall be considered as binding until the actual payment of the premium."

The agent gave time on the premium. The company charged it to the agent and subsequent payment to the company constituted a waiver.

It is an elementary rule that the principal must bear a loss sustained by the conduct of the agent acting within the scope of his authority rather than a third person who has fairly dealt with him as such.

The railroad company paid the premium, as the agent of the appellant testifies. It never returned or offered to return it. Being charged with notice of the character of interest Monarch had in the property it waived its right to treat the policy as void because Monarch did not have the unconditional and sole ownership of the property.

In Pratt v. New York Central Insurance Company., 55 N. Y., 505, the court said: "In many cases the party who could insist upon the forfeiture of a contract, and who could elect to abandon it, has an interest to waive the forfeiture and treat the contract as subsisting, notwithstanding the failure of the other party. In this case the defendant elected to continue the insurance in force for the benefit of the plaintiff who had paid the premium, and for whose immediate benefit the policy was issued, and who was entitled to the insurance money in the case of loss, and the company could not afterward, and after the loss had occurred, abandon its election to the prejudice of the plaintiff."

In the case under consideration the insurance was for the benefit of the railroad company, although the policy was issued to Monarch. The appellant elected to continue the risk, and it is too late, after the loss, to abandon its election to the prejudice of the railroad company.

It is insisted that Monarch was the sole owner of the property (section 2353, Kentucky Statutes) because no trust resulted in favor of the railroad company.

This statute provides that, when a deed shall be made to one person and the consideration paid by another, no use or trust shall result in favor of the latter. We do not think the insurance company can rely upon this statute. Monarch recognized the trust and executed it, and the liability of the insurance company was not increased because the railroad company, under the statute, might not have been able to

compel the execution of the trust. Both parties treated the transaction as creating a trust for the purpose of issuing the policy of insurance. It is too late now to complain. Besides, one witness, whose testimony is uncontradicted, testifies that Monarch paid for the property and took the conveyance to himself in trust for the railroad company.

If this were true, and we assume it to be, the trust existed. Under the statute the use or trust does not result only when the consideration was paid by one and the deed made to another.

It is urged that the policy became void because notice was not given to the insurance company when the conveyance was made by Monarch to the railroad company, and an endorsement made on the policy consenting thereto. It seems no notice was given of the conveyance, nor was any endorsement made on the policy consenting to it. We do not think it was necessary that it should be done. There was no change by the conveyance in the ownership of the property, nor as to the possession of it. The risk of the company was not increased or changed because the one taken was for the benefit of the railroad company. The object of the provision of the policy requiring notice of a change of ownership was to give the insurance company an opportunity to cancel the policy if it did not desire to continue the risk, because it might be willing to carry it when the vendor was the owner, but not when it passed into other hands. In this case no such change occurred.

In Dermani v. Home Mutual Insurance Company of New Orleans, 26 La., Ann. 69, where the contract of insurance contained the following clause: "This policy is not assignable unless, by consent of this corporation, manifested in writing, and in case of any transfer, by sale or otherwise, without such consent, this policy shall from thenceforth be void

and of no effect," the court held that the prohibition did not apply to the assignment of the interest of one partner to the other partner.

The court held, in Cowan v. Iowa State Insurance Company, 40 Iowa, 551, where a policy of insurance stipulated that it should become void upon an alienation of the property insured without the consent of the company, that a sale of the insured property to a firm of which the insured was a member did not vitiate his policy of insurance.

To the same effect are the cases of Burnett v. Home Insurance Company, 46 Ala., 11, and Pierce v. Nashua Insurance Company, 50 N. H., 297.

We do not think the conveyance by Monarch to his *cestui que trust* avoided the policy.

The judgment is affirmed.