CASE 45—INSURANCE—APRIL 20.

# Mutual Fire Insurance Co. of New York v. Hammond.

APPEAL FROM LAWRENCE CIRCUIT COURT.

1. COURTS—JURISDICTION—ACTIONS AGAINST INSURANCE COMPANIES.— Under section 71 of the Civil Code providing that actions against insurance companies arising out of transactions with an agent may be brought in the county in which such transaction took place, an action may be maintained against an insurance company having its principal office in New York upon an adjustment of a loss made by its agent in this State in the county where such adjustment took place, although the policy was issued to a citizen of West Virginia in that State upon property located there.

2. SAME—SERVICE OF PROCESS ON INSURANCE COMMISSIONER.—In such an action this court will indulge the presumption that the company complied with the law, and will uphold the validity of a judgment upon service of summons upon the Insurance Commisioner.

Mutual Fire Insurance Co. of New York v. Hammond.

3. INSURANCE—WAIVER OF CONDITION OF ABSOLUTE OWNERSHIP.—
   Where, at the time of the obtainment of a policy of insurance,
   the agent of the insurance company knew that the appellant
   held the title in trust for himself and others jointly, his rep-
   resentation of absolute ownership will not avoid the policy.
4. SAME—ACTION IN NAME OF INSURED.—In such a case the insured
   may maintain an action in his own name without joining as
   plaintiffs those jointly interested.

STEWART & STEWART FOR THE APPELLANT. (LACHMAN,
MORGANTHAW & GOLDSMITH, OF NEW YORK, OF COUNSEL.)

1. On the plea to the jurisdiction of the court.   German Ins. Co.
   v. Ford, 7 Ky. Law Rep., 308; Civil Code, secs. 71-2; C. & O.
   Ry. Co. v. Cowherd, 16 Ky. Law Rep., 373; Kentucky Mutual
   Security Fund Co. v. Logan's Admr., 90 Ky., 364; Ky. Stats.,
   sec. 631; Lillard v. Brannin, &c., 91 Ky., 511.
2. Appellant was entitled to have his case tried by the regular
   judge.
3. On incompetent testimony:   Abbott's Trial Evidence, p. 191;
   Same, p. 480; Dickerman v. Quincy Mutual Fire Ins. Co., 67
   Vt., 609; Flannery v. State Mutual Fire Ins. Co., 175 Pa. St.,
   387; Bruen v. Grahn, 5 Ky. Law Rep., 312; Mechem on Agency,
   par. 100; Reynolds v. Continental Ins. Co., 36 Mich., 131;
   North v. Metz, Jr., 57 Mich., 612.
4. The action was prematurely brought.
5. The appellee, if he had a right to recover at all, could not re-
   cover exceeding one-third of the one thousand dollars.
6. The contract made with Battallana, if made, was void for want
   of consideration.   Amer. Fire Ins.. Co. v. Brooks, 83 Maryland, 22;
   Mechem on Agency, par. 931; Hartford Fire Ins. Co. v. Rey-
   nolds, 36 Mich., 502; Security Ins. Co. v. Bronger, 6 Bush, 146;
   1 Ky. Law Rep., 128; Phoenix Ins. Co. v. Lawrence, 4 Met., 9.

ALEXANDER LACKEY FOR APPELLEE.

1. Suit against insurance company may be brought where con-
   tract is made.   Civil Code, sec. 71.
2. Service may be made on insurance commissioner.   Ky. Stats., secs.
   631, 571.
3. Agency of one representing insurance company may be shown by
   possession of its blanks.   May on Ins., 126; Howard Ins. Co.
   v. Owen, 94 Ky., 881.

4. Where proof or knowledge of agency is within exclusive knowledge of company, burden is on principal to show its existence or non-existence. Murrell v. McAllister, 79 Ky., 311.

5. Otherwise the presumption is that if produced it would sustain the other side.

6. Where any competent evidence is produced showing agency declarations of alleged agent showing agency made in course of transaction are competent. 1 Greenleaf on Ev., 113; Story on Agency, 134, 137; Abbott's Trial Evidence., sec. 130, and authorities cited; 21 How., (U. S.), 164.

7. Where principal is shown to act through agents, conversations with one claiming to be agent, are competent evidence to show agency of one being or appearing to be in charge of the business. Abbott's Trial Briefs, sec. 102, and authorities cited.

8. Where an agent or officer is entrusted with the transaction of business for a corporation, his powers are sufficient to authorize him to perform his duty unless it is shown that they were less and that the other party knew of this limitation. Phoenix Ins. Co. v. Spiers, 87 Ky., 285.

9. Where proof of loss is sent by registered letter, a receipt returned purporting to be signed by the company by an agent, a letter is then received purporting to be from the company which is also sent by registered letter, in which refusal to pay is made for the want of liability for loss on ground that insured was not the sole owner, this is evidence that the first was received and that the company denied its liability. U. S. v. Duff., 6 Fed., 45; 33 Minn., 492; Bush v. Miller, 13 Barb. (N. Y.), 481.

10. Where an agent knew title of property was in insured and others when application was made and policy was taken in name of insured alone in whose name the business was carried on, this is notice to the company and it is liable notwithstanding the policy provided it is void if title is not "sole." Phoenix Ins. Co. v. Phillips, 16 Ky. Law Rep., 122; California Ins. Co. v. Gracey, 22 Am. Rep., 376; 13 Wallace, 222; 28 Am. St. R., 693; and this is true although the agent had no authority to write a policy without its approval by the general agent. May on Ins., 57; Boatman, &c., Ins. Co. v. Young, 11 Ky. Law Rep., 288; 34 Am. St. Rep., 878.

11. All these questions are passed on by this court in the late case of Rhode Island Underwriters v. Nance's Adm., 17 Ky. Law

Mutual Fire Insurance Co. of New York v. Hammond.

Rep., 876. See also Pratt v. N. Y. Cent. Ins. Co., 55 N. Y., 505.
12. If there was any defect in bringing suit, it was in not making
    Charles and Johnson Hammond parties, they being joint owners
    of the property, but that is dispensed with by our Code. Civil
    Code, sec. 21. If it was a defect, it should have been taken
    advantage of by answer and is now waived. Civil Code, sec. 118.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The appellant is a New York corporation, having its
chief place of business in the city of New York. The ap-
pellee is a citizen and resident of West Virginia. Appel-
lee alleges that the defendant, appellant here, issued to
him a policy of insurance for $1,250 upon his tobacco barn
and its contents, consisting of tobacco and tobacco sticks,
situated on his farm in West Virgina; that the policy of
insurance was procured from their agent, A. B. Brode;
that during the life of the policy the barn and its contents
were burned up, and that a short time thereafter he en-
tered into an agreement in Louisa, Ky., with one Frank
H. Battillana, the special adjusting agent of the company,
that the company should pay him $1,000 in full settlement
of all loss and damage sustained by appellee covered by
the policy, which was to be paid in sixty days after ap-
pellee should furnish appellant with proof showing the
value of the barn, the tobacco, and sticks destroyed, and
the quantity of tobacco removed from the barn after the
issual of the policy; that he notified Battillana at the time
that he owned only one-third of the property covered by the
policy, and that the balance was owned by his brothers;
and that the proof was furnished in conformity with the
agreement, and payment refused.

The appellant denies that the Kentucky court has juris-
diction of the case, for the reason that appellant was a
resident of the State of New York at the date of the insti-
tution of the suit and of the issual of the policy; that ap-

pellee was a resident of West Virginia; that the property covered by the policy was situated in West Virginia; and that the contract entered into with Battillana was made in West Virginia, and that the summons sued out was executed on the Insurance Commissioner of the State of Kentucky in Franklin county, without any allegation that it had ever consented that this might be done. It puts in issue the amount of the loss, and denies that Brode, who delivered the policy, was its agent; denies the alleged agreement with its adjusting agent, Battillana, or that he was its agent, or had authority to make the agreement to pay $1,000 in settlement of the loss. It further alleges: That, if such promise or agreement was made, it was without consideration, for the reason that the application for the policy of insurance made by appellee to appellant contained the following question: "Q. Is the assured the sole owner? A. Yes." That said appellee thereby represented to the appellant that he was the sole owner of the property to be insured; and that the defendant, relying upon said representation, and without knowledge to the contrary, issued the policy of insurance, which contained the following provision: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest in the property be not truly stated herein." That the representation made by the plaintiff that he was the sole owner was false at the time of making said application, and at the issual of the policy, and at the time of the loss. That appellee was not the sole owner, but owned the property destroyed in connection with his brothers, Johnson and William Hammond, each owning one-third.

Appellee admits in his reply that he was not the sole

owner of the property insured, and alleges that at the time of his application therefor to the agent of appellant, he informed him that the property belonged to himself and his two brothers jointly, and that by agreement between them the business was transacted in his name, and that the agent, with full knowledge of how the property was held wrote the answer to the question in the application. The rejoinder denies the agency of Brode. Upon the trial appellee testified substantially that he went to see Brode, who was an insurance agent, and made application to him for the insurance; that he paid to him the money for the premium, and that in two or three days thereafter he received through mail the policy of insurance, accompanied by a letter in these words: "A. B. Brode, Life, Fire, and Accident Insurance. Notary Public. . . . Loans Negotiated. Huntington, W. Va., March 13, 1896. Mr. Charles Hammond, Louisa, Ky.—Dear Sir: I beg to hand you herewith Mutual Fire policies No. 135,034 and No. 135,035, which I trust you will find in order. Should you desire insurance upon your property up there, or any of your friends, let me know, and I will be pleased to issue you policies. Awaiting your further favors, I am, yours, very truly, A. B. Brode."

He also testified that at the time he procured the policy of insurance from Brode he gave him full information as to the ownership of the property, after which Brode wrote the answer complained of.

Appellee also testified that he entered into a contract of settlement upon which this suit is brought with Battillana in Louisa, Lawrence county, Ky., and not in West Virginia, and that Battillana agreed that appellant would pay to appellee the sum of $1,000 in full satisfaction of the loss sustained within sixty days after he

should furnish appellant with proof showing the value of the barn, tobacco, and sticks, and the quantity of tobacco removed from the barn after the issual of the policy; that Battillana furnished to him the regular authorized blanks of the company on which to make this proof and in conformity with the agreement, he at once had prepared and forwarded the proof required. He is corroborated in all of these statements by his attorney, who testifies that he registered the letter to the address of the company in New York, and that shortly thereafter he received in response thereto a letter from the company acknowledging the receipt of this proof, in which they denied the liability of the company on the ground that the interest of the insured had not been truly stated, in the contract, the ownership not being solely and unconditionally in appellee.

Both of these witnesses testify that they had no personal acquaintances with Battillana, and only knew that he was the agent of the company from the fact that he so represented himself, and had their blanks in his possession.

The first question to be considered is the plea to the jurisdiction of the court.

Section 71 of the Civil Code provides that: "Actions against an incorporated bank or insurance company may be brought in the county in which its principal office or place of business is situated, or if it arises out of a transaction with an agent of such corporation it may be brought in the county in which such transaction took place."

The uncontradicted testimony in this case shows that all negotiations looking to a settlement of the loss under this policy took place in Louisa, Lawrence county, Ky.; that Battillana had in his possession their blanks, and, after an examination of the property, he agreed to pay $1,000 in settlement thereof on the conditions named.

In the letter from appellant acknowledging reception of the proof required by Battillana, there is no intimation that he was not their agent; on the contrary, they refused to pay upon the sole ground that appellee had misrepresented the ownership of the property. In the affidavit for a continuance of the case, filed by the local attorney of appellant at the first term after the institution of this action, he says that it will be necessary to have Battillana present at the trial, and that affiant had been informed by the New York attorneys of appellant, and believes and says, that said Battillana is compelled from time to time to go to various parts of the country, and his presence can not conveniently, if at all, be had at that term of the court.

This is sufficient evidence to make it a *prima facie* case of agency on the part of Battillana, and, as the transaction took place in Lawrence county, in this State, we are of the opinion that the court had jurisdiction of the action.

In this connection it is further insisted by appellant that, as the summons was served upon the Insurance Commissioner in Franklin county, it was necessary that appellee should have alleged that license to do business in this State had been granted to appellant, and that it had consented to the service of summons upon the Insurance Commissioner; that, in the absence of such proof, it was entitled to a peremptory instruction.

We cannot agree to this contention, as, if appellant was engaged in the transaction of business in this State, the presumption must be indulged that it was doing so in conformity with the laws of this State, in the absence of pleading and proof to the contrary.

The main ground upon which appellant seeks to evade liability under this policy is that appellee represented himself to be the sole owner in his application for

the policy, whilst the testimony shows that he only had a third interest. But the uncontradicted testimony also shows that at the time he made application for the policy to Brode, from whom he received it, and also at the time he made the agreement with Battillana, the adjusting agent of appellant, he fully informed them of the facts connected with the title and ownership of the property.

This question has been carefully considered by this court in the case of Rhode Island Underwriters' Association v. Monarch, reported in 98 Ky., 305, [32 S. W., 959], in which this court held that the knowledge of the agents of the insurance company of the character and extent of the interest of insured and of the title to the property covered by the policy at the time same was issued was the knowledge of the company, and that they could not thereafter complain of any apparent misstatement in this particular.

It is further insisted that appellee can not maintain this action in his own name; that he could only have recovered one-third of the value of the property destroyed, that being the amount of his interest therein.

The uncontradicted testimony in this case shows that by agreement between appellee and his brothers all the business of this partnership was to be transacted in the name of appellee, and that appellant was notified of this fact before it issued the policy; and section 21 of the Civil Code provides that: "A personal representative, guardian, curator, committee, of a person of unsound mind, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, a receiver appointed by a court, the assignee of a bankrupt, or a person expressly authorized by statute to do so, may bring an action without joining with him the person for whose benefit it is prosecuted;" and, as plaintiff was the per-

son with whom and in whose name the contract of insurance was entered into for the benefit of the firm, we are of the opinion that he may bring this action without joining with him his brothers.

For the reasons indicated, the judgment appealed from is affirmed.