CASE 86.—ACTION BY THE HAZARD BANK AGAINST THE
GERMAN INSURANCE COMPANY ON A FIRE IN-
SURANCE POLICY.—October 17.

# German Ins. Co. v. Hazard Bank

Appeal from Perry Circuit Court.

M. J. Moss, Circuit Judge.

Judgment for defendant, plaintiff appeals—Af-
firmed.

1. Venue—Adjustment of Loss Under Insurance Policy—Action on
   Award of Arbitrators.—An action on an award of arbitrators
   appointed as provided in a fire policy may be brought in the
   county where the award was made and the property situated,
   though the policy was made elsewhere.
2. Contracts—Rights of Election—Notice.—A party to a contract
   who has the right to make an election thereunder, on giving
   notice thereof to the other party, must, on exercising the
   right, give such notice as will leave no doubt of an intention
   to exercise such right.
3. Insurance—Fire Insurance—Election to Rebuild—Notice.—The
   election of an insurer to rebuild must, to be available as a
   defense on the policy, be clear, and must be carried out
   within a reasonable time.
4. Same.—A notice by an insurer entitled under the policy to
   rebuild, which recites that it will exercise its right to rebuild,
   unless insured will accept a cash offer as a compromise, is
   insufficient, because it undertakes to use the privilege of re-
   building as a means of forcing the insured to accept a com-
   promise.
5. Same.—Where an insurer failed to give proper notice of its
   intention to elect to repair, as authorized by the policy, the
   insured, after the expiration of the time in which the notice
   could be given, could repair.
6. Same—Adjustment of Loss—Award—Validity.—An umpire,
   selected by appraisers appointed to determine the loss under

German Ins. Co. v. Hazard Bank.

a fire policy, notified the appraisers that he would only act on condition that he could call in an expert builder to advise him as to the amount of the loss. He advised with a carpenter who viewed the premises at his request. Held, that the act of the umpire did not invalidate the award founded on his own judgment.

7. Same.—Under a fire policy providing for the appointment of appraisers who shall select an umpire who shall act with them in matters of differences, and declaring that the award of any two of them shall be binding, an award made by the umpire and one of the two appraisers is binding, though made in the absence of the other.

LEWIS APPERSON attorney for appellant.

### ERRORS COMPLAINED OF.

1. The court erred in overruling the motion to quash the summons and return thereof.

2. The court erred in overruling the special demurrer to the jurisdiction of the court.

3. The plea to the jurisdiction of the court contained in the first paragraph of the answer, should have been sustained, and the action dismissed.

4. The court erred in not sustaining appellants motion to instruct the jury to find for the defendant.

5. The court erred in refusing to permit the amended answer to be filed, because it conformed to the proof.

### AUTHORITIES CITED.

Civil Code, section 71; Ky. Mut. Security Fund Co. v. Logan's Admr., 12 Ky. Law Rep. 328; Sun Mutual Ins. Co. v. Crist, 19 Ky. Law Rep. 305; Cyclopedia Law & Pro., vol. 3, pp. 617, 638 and 653; Henderson v. Buckley, 14 Ben Monroe 294.

BAILEY P. WOOTTEN and JESSE MORGAN for appellee.

GREENE & VAN WINKLE of counsel.

### AUTHORITIES CITED.

1. As to jurisdiction: (Civil Code, sections 71, 763; Kentucky Statutes, section 631; Kentucky Mutual Insurance Company v. Logan, 90 Ky. 364; Mutual Fire Insurance Company of New York v. Hammond, 106 Ky. 386; 14 Bush 74; 93 Ky. 315; 5 Ky. Law

German Ins. Co. v. Hazard Bank.

Rep. 250; American Fire Insurance Company v. Bland, 40 S. W. 670.)

2. As, to defendant's motion to instruct the jury: (Tandy v. Oliver, 19 Ky. Law Rep. 223.)     As to amended answer:     (Civil Code, sections 338 and 756.)

3. As to notice to repair:     (Fireman's Fund Insurance Company v. Caye, &c., 14 Ky. Law Rep. 310; 13 American and English Encyclopedia of Law 379; Good v. Buckeye Mutual Fire Insurance Company, 43 Ohio Stat. 394; Same 380; Reiger v. Mechanic Insurance Company, 69 Mo. App. 674.)

4. As to appraisement and award:     (Hall v. Norwalk Fire Insurance Company, 57 Ct., 105; Bangor Savings Bank v. Niagara Fire Insurance Company, 85 Me., 68; 3 Cyc., 638; 14 B. Monroe, 236; 2 American and English Encyclopedia of Law, 642, 645, 646; 16 N. S., 188; Ky. Stats., section 448; Civil Code, section 679; 86 Ky., 23; 106 Ky., 515; 18 Ky. Law Rep., 860; 13 American and English Encyclopedia of Law, 363; Bradshaw v. Agricultural Insurance Company, 137 N. Y., 137; Hartford Fire Insurance Company v. Asher, 100 S. W., 233.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

The appellant issued to the appellee a fire insurance policy in the sum of $3,000 on its bank building in Hazard, Ky. On the 25th day of March, 1905, the building was partially destroyed by fire. Formal proofs of loss were given by the bank to the insurance company on the 6th day of April, 1905. On April 13, 1905, the company demanded the appointment of appraisers to determine the amount of the damage to the building. This procedure was under a clause in the policy to be hereafter noticed. Each party selected an appraiser, and these selected an umpire to determine all matters upon which they could not agree. The appraisers being unable to agree, the umpire and one of them fixed the damage at $2,508.38 and awarded that amount to the bank. The insurance company refused to pay the award so made, and

gave notice under another clause in the policy to be hereafter discussed that it would repair the building, and afterwards sent a mechanic to Hazard in order to make the necessary repairs to restore the building. The bank refused to allow the employe of the insurance company to make the repairs, and instituted this action in the Perry circuit court to recover on the award. Several defenses were interposed, and on the trial, after all the evidence was in, the court awarded a peremptory instruction to the jury to find for the plaintiff the full amount of the award as prayed in the petition, and of this ruling the company is complaining.

The first defense interposed was the want of jurisdiction in the Perry circuit court to determine the controversy. The appellee bank is a resident of Perry county, Ky., and its building is situated in the county seat, Hazard. Appellant has no agent in Perry county, but has an agent at Mount Sterling, Montgomery county, Ky., where the policy was written. The theory of the appellant as to the want of jurisdiction in the Perry circuit court is based upon its claim that the contract with its agent was made in Montgomery county, where the policy was written. To this proposition the appellee answers that this is an action upon the award of arbitrators, and that this award was made in Perry county and not in Montgomery, and therefore the Perry circuit court and not the Montgomery circuit court had jurisdiction to try the issues between the parties. The evidence clearly shows that the appraisal and award were made in Perry county, and this being a suit upon the award, we are of opinion that the position taken by appellee is sound. The very question we have here arose in the case of Mutual Fire Insurance Company of New

York v. Hammond, 106 Ky. 386, 20 Ky. Law Rep. 1944, 50 S. W. 545, and it was there held that the court in the county where the award was made had jurisdiction of the action upon it. It follows, therefore, that the trial court rightfully assumed jurisdiction of this action.

Appellant insists that, under the terms of the policy, it had the right to restore the building to its former condition in lieu of paying the award which was made, and that it offered to do so, but that the appellee bank refused to allow it to exercise this privilege. The provision in the policy as to this question is as follows: "It shall be optional, however, for this company to * * * repair, rebuild or replace property lost or damaged with other of like kind or quality within a reasonable time, on giving notice within thirty days after the receipt of the proofs herein required of its intention so to do." The only notice ever given to the bank by the appellant of its intention to exercise its right to rebuild the property is contained in a letter dated May 26, 1905, which is as follows: "Mt. Sterling, Ky., May 26th, 1905. Hazard Bank, Hazard, Ky.—Gentlemen: I am in receipt of letter from the company with regard to loss under policy 122787, requesting me to advise you that the award of the appraisers is not satisfactory, and that the company will exercise its right to repair or replace the building as stipulated in the policy, unless you are willing to accept what it would cost us to repair the building. The company authorizes me to make you a cash offer of $1,200 as a compromise. Kindly advise me promptly whether or not you accept this proposition, so that I may have draft sent forward at once, and in the event you decline I can start Mr. Williams on the job, as I have already agreed

with him to do the work in case you prefer that we repair the building. Awaiting your advices, I am, yours very truly, (Signed) Jno. L. Coleman, General Agent.'' This clearly was not a proper or sufficient notice of an election to rebuild. In insurance contracts, as in all other contracts, it is incumbent upon the parties to deal with each other in a plain, simple, and straightforward manner, and, where an election is to be exercised under a contract, notice should be made in such manner as to leave no doubt in the mind of the opposite party of an intention to exercise it. The election to exercise the given right may not be coupled with some other proposition to be accepted by the opposing party in lieu of the exercise of the given right. To come to the question in hand, if the insurance company desired to exercise the right to rebuild the property, a right which it undoubtedly had, it should have exercised it by giving a plain, unambiguous notice of its intention, and not undertaken to use the privilege of rebuilding as a means to force the insured to accept a compromise. In the 13 Am. & Eng. Encyl. of Law, pp. 379-380, it is said: ''Intention to rebuild or repair must be declared as prescribed by the policy, within the time fixed therein, or, if no time is fixed, in a reasonable time; and in case delivery of proofs to an agent is a sufficient service thereof, the time runs from such delivery notwithstanding the omission of such agent to forward them. In case the proofs are returned for correction and corrections are made, the time does not begin to run until the corrected proofs are delivered. Unless the policy provides the manner in which the option shall be exercised, any acts manifesting the choice of the insurer will amount to an election. But the election to rebuild or repair, in

order to be available as a defense, must be clear and distinct, and must be carried out within a reasonable time. Where the policy permitted the insurer to rebuild unless the insured should prefer money, making no response to a notice of election to rebuild was held equivalent to a statement of no preference. The insurer may not couple an election to repair with an offer to compromise." When the mechanic, sent by the insurance company to Hazard to repair the building, reached the place in July, 1905, he found the building had already been repaired in large part by the bank. The company having failed to give the notice of its intention to repair required by the policy, it, of course, could not exercise it, and the bank had a right, after the expiration of the time in which the notice could be given, to go on and repair the building itself, as it did.

The award sued on is assailed on the ground that Jesse Morgan, the appraiser selected by the bank, was a stockholder and director therein, and one of its attorneys at the time he acted as appraiser, and that A. S. Henry, who was the umpire selected, was incompetent to act, and that the award made by Morgan and Henry was not signed in the presence of Williams, the other appraiser; and for the additional reason that the umpire, Henry, did not rely upon his own judgment as to the amount of damage, but consulted with an outside person, a professional carpenter whom he secured to come from Lexington, Ky., and view the premises. The appellant wholly failed to establish by any evidence that Morgan was an incompetent appraiser, or interested in the bank at the time he was chosen and acted as appraiser, but, on the contrary, its evidence affirmatively disproves the disqualification of the appraiser relied on.

German Ins. Co. v. Hazard Bank.

In so far as Henry, the umpire, was concerned, we think his position and action in the premises are not subject to adverse criticism. The evidence shows that he was an experienced man of affairs, although not a professional builder or carpenter. He notified the two appraisers who selected him that he would only agree to act upon the condition that he could call in an expert builder to consult with and advise him as to the amount of the loss. As a proposition of law, such a course is reasonable and proper; for after all the appraiser exercises his own judgment in the premises, and either accepts or rejects the advice he may receive, as he sees proper. Hall v. Norwalk Fire Insurance Co., 57 Conn. 105, 17 Atl. 356; Bangor Savings Bank v. Niagara Fire Insurance Co., 85 Me. 68, 26 Atl. 991, 20 L. R. A. 650, 35 Am. St. Rep. 341. The fact that the umpire and one of the appraisers made the award is in accordance with the terms of the policy, which, on this subject, is as follows: "The said appraisers shall first select a competent and disinterested umpire, who shall act with them in matters of differences only. The award of any two of them, made in writing, in accordance with this agreement, shall be binding upon both parties to this agreement as to the amount of the loss." This disposes of the whole of appellant's defense, and we are of opinion that the trial court correctly awarded the bank a peremptory instruction, at the close of defendant's evidence, to find for it the amount awarded.

Judgment affirmed.