## Insurance Company of North America v. Brinkley.

(Decided March 15, 1927.)

### Appeal from Christian Circuit Court.

1. Insurance.—When fire insurance company allows agent to solicit insurance, write applications, and, when accepted, prepare and deliver policies and collect premiums, and such agent while so engaged fills application blank for applicant from information in agent's possession, the agent waives and has power to waive all provisions of policy and application relating to falsity or truth of answers made in application.

2. Appeal and Error.—Refusal to give instruction does not create ground for complaint, where subsequent instruction covered same subject more completely and was better stated.

3. Insurance.—Where lien note against property was taken up and paid but lien was not released of record, there was no lien against property, within meaning of fire insurance policy.

SELDEN Y. TRIMBLE for appellant.

DUFFY & SKINNER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant insurance company is resisting the payment of a policy of fire insurance issued to appellee, Brinkley, in February, 1924, on a building which was destroyed by fire in November of the same year. The policy contained a provision reading:

"This indemnity contract is based upon the valuation and representations contained in the assured's application and diagram of even number herewith, which the assured has signed and permitted to be submitted to the company, and which are hereby made and warranted, and a part hereof;

and it is stipulated and agreed that if any false statements are made in said application, or otherwise, this policy shall be null and void."

In the answer it was averred that the insured, through her husband as her agent, made false answers to questions asked and answered in the application for the policy, in that she said there was 35 acres of land on which the house stood and that it was worth $60.00 per acre, when in fact and in truth there were only 26 acres of land and worth only $10.00 per acre; that the said misrepresentations were material to the risk and were fraudulently made, and that appellant was deceived and misled thereby, and but for which it would not have executed or delivered the contract of insurance.  A trial resulted in a verdict for the insured, Mrs. Brinkley, and the company appeals, relying for a reversal upon two grounds, (a) the court erred in admitting incompetent evidence, and (b) the court erred in giving and refusing instructions.  It is contended by appellant company that the evidence offered by appellee and heard by the court and jury to the effect that the application for the policy of insurance was written wholly by the agent of the company and from information in his possession, and the answers contained in the application were not made by appellee, Brinkley, and her husband, was incompetent because the application, which was in writing, was signed by the assured or her agent, and purported to contain the answers of the assured, and she should not be and in law is not permitted to prove or show that the answers in her application are untrue, or that they were made by another for her and without her knowledge of what the agent was writing in the application, which was later signed.  In this case the local agent lived in the vicinity of the property that was insured and once owned it.  He was acquainted with the acreage in the land as well as the value of the property.  Instead of asking the insured about the property and its value the agent filled out the application blank from knowledge in his possession, and the husband of the insured signed the application without paying any attention to what the agent had written into it.  We do not think there is any substance in the contention of appellant that the application showed that the boundary of land contained 36 acres when it only contained 26 acres, because the land was not insured. Nor was it important that the application showed that

the land was worth $60.00 per acre, when it was in fact worth a less sum, for the land was not destroyed. When, however, the fire insurance company allows its agent to solicit insurance, write applications for policies and, when accepted, prepare and deliver policies and collect the premiums, and such agent while so engaged fills in an application blank for a prospective insurer from information in the agent's possession, obtained the signature of the insured without asking the insured questions, the agent for the company waives and has the power to waive for the company all provisions of the policy and application which related to the falsity or truth of the answers made in the application. The evidence upon the question of whether the application was filled in by the agent of the company at the instance of the husband of the insured was not all one way, and was, therefore, for the jury.

Appellant offered instruction "Y," which submitted in a way the appellant's contention with respect to the false answers in the application, but we do not think the instruction offered should have been given, because it does not fit the facts and was incomplete. Then, too, the court gave instruction No. 2, which covered the same subject more completely and was better stated, for which reason appellant has no right now to complain. The third instruction submitted to the jury the question of whether there was a lien upon the insured property at the time the policy was issued, it being contended by the company that the property was encumbered by a purchase money lien at the time the policy was issued and which rendered the policy void. The facts show that the appellee had purchased the property only a short time before the fire occurred and paid for it partly with cash and partly with a lien note. Later the lien note was taken up and paid but the lien was not released of record. Although the debt was paid the release was not properly entered upon the deed or the deed book. However, this was not the kind of lien that was contemplated by the policy contract. There was in fact no lien, because it had been fully paid and discharged though not released. The risk was not increased by such a lien. The insured had fully paid off the lien and was entitled to have it released at the time the policy was issued, and she truthfully answered when she said there was no lien or mortgage upon the property.

There was no substantial error in the introduction of evidence, and the cause was submitted to the jury by instructions which were not prejudicial.

Judgment affirmed.