DAVID CLARK & another *vs.* HAMILTON MUTUAL INSURANCE
COMPANY.

Omission to disclose to insurers repeated incendiary attempts to destroy the property in-
sured will not avoid the insurance.

In an action on a policy of insurance, in which the defence relied upon is a subsequent
insurance contrary to the terms of the first policy, the burden of proving that the two
policies covered the same property is upon the defendants.

A policy of insurance upon "carpenter's shop and carpenter's tools" provided that the
issuing of any other policy covering any portion of the property insured, and not dis-
closed to these insurers, should avoid this policy. *Held,* that evidence of the issuing of
another policy to the same person upon "four chests of carpenter's tools in wood shop,"
described as situated in the same street as in the first policy, and that there were in the
shop two chests of tools belonging to the assured, and two or perhaps three belonging to
heir journeymen, did not show that any part of the property was covered by both policies.

ACTION OF CONTRACT on a policy of insurance issued by a
mutual insurance company on the 1st of July 1852 to the plain-
tiffs upon "carpenter's shop, carpenter's tools," hardware, fixtures
and lumber, in "Brattle Place," West Cambridge, "subject to
the provisions, conditions and limitations of the charter and by-
laws of said company, and the lien on the interest of the person
insured in any personal property or builings covered by this
policy, and the land under said buildings," which the company
expressed their intention to rely upon.

The by-laws of the company, which were printed upon the
policy, contained these provisions: ART. 11. "If the insured
shall refuse to pay any assessment, or if for any other cause the
continuance of the risk is considered unequal or injurious to the
company, the directors may terminate the same." ART. 14.
"If the risk on any property insured by said company shall be
increased by any change of the circumstances disclosed in the
application, or by the erection or alteration of any building, the
carrying on of any hazardous trade, or the deposit of any haz-
ardous goods in or near the same, the policy thereon shall be
void," unless confirmed in writing by the directors. ART. 18.
"In case any other policy of insurance has been or shall be
issued, covering the whole or any portion of the property insured
by this company in any policy, the policy issued by this com-

pany shall be void, although such other policy shall be void also, unless the directors shall have been notified of such other policy, and given their consent thereto in writing signed by the president and secretary."

At the trial before *Merrick*, J , the defendants offered to prove, and it was admitted that they could prove, if competent, that, after they made this policy, " attempts had been made on three several and distinct occasions by some person or persons unknown, other than the plaintiffs, to set fire to and burn the shop of the plaintiffs ; and no information of these facts was communicated by the plaintiffs to the defendants, until after the plaintiffs' shop and all the tools contained therein had been consumed and destroyed by fire, set by an unknown incendiary." The defendants also offered to prove, by experts in insurance risks and hazards, that such incendiary attempts were a material change in the circumstances of insured property, and materially increased the hazard of insuring it. The evidence offered was rejected.

The defendants introduced and read to the jury a policy of insurance issued by the Hampden Stock and Mutual Fire Insurance Company to the plaintiffs on the 17th of August 1854 on " four chests of carpenter's tools in wood shop in West Cambridge," and " predicated upon an application or survey," which was made a part of the policy, and described the property insured as situated in " Brattle Place," and had indorsed upon it the following : " Remarks of Agent. Messrs. Clark & Burr wished me to file an application to insure this property ; they employ ten hands, four or five of which work in the immediate neighborhood, so that their chests remain in the shop ; and Messrs. C. & B. think that this insurance will render their hands contented and not so liable to change places.

" Isaac H. Damon, Agent."

The plaintiffs contended that the tools insured by the Hampden Company were not the same insured by the defendants, but belonged to certain journeymen in the plaintiffs' employment, for whose benefit that insurance was obtained. It appeared that at the time of that insurance and of the fire there were in

the shop two chests of tools belonging to the plaintiffs, and also two and perhaps three chests of tools belonging to workmen in their employment.

Damon, and Clark, one of the plaintiffs, were called as witnesses, and testified that Damon filled out that application, and forwarded it to the defendants at Springfield, after being requested to obtain insurance for the plaintiffs on four chests of tools belonging to journeymen in their employment. On cross examination, Damon testified that he made no other communication to the Hampden Company than the writing on the application, and that, so far as he knew, they had no knowledge that their policy was to be on the tools of journeymen employed by the plaintiffs; and Clark testified that when he signed that application he supposed it related to and corresponded with the tools of the journeymen. All this evidence was objected to by the defendants, but admitted.

The case was then reserved for the full court, the parties agreeing that if the facts concerning the attempts to set fire to the shop and the plaintiffs' omission to make them known to the defendants constituted no defence to the action, and if the evidence concerning the journeymen's tools and the application to the Hampden Company was competent, and, taken in connection with the two applications and policies, was sufficient to show that the two insurances were not upon the same tools, judgment should be rendered for the plaintiffs; otherwise, for the defendants.

*S. A. Brown*, for the plaintiffs.

*J. W. Perry*, for the defendants. 1. Continued and persistent efforts by unknown incendiaries to burn the property were such material circumstances, as, if occurring before the insurance, should have been disclosed in the application, or, if arising afterwards, constituted a change of circumstances, within the meaning of the 14th by-law. *Bufe* v. *Turner*, 6 Taunt. 338. *Clark* v. *Manufacturers' Ins. Co.* 8 How. 235. *Curry* v. *Commonwealth Ins. Co.* 10 Pick. 535. *Fletcher* v. *Commonwealth Ins. Co.* 18 Pick. 419. *Child* v. *Sun Mutual Ins. Co.* 3 Sandf. 26. 1 Arnould on Ins. 532. Beaumont on Ins. 39. If the directors had

known this, they might have terminated the insurance, undet the 11th by-law.

2. The defendants' policy attached to all the tools of the plaintiffs, in chests or otherwise, in the shop ; the policy of the Hampden Company applied to four chests of tools of the plaintiffs in the same shop. That company never contemplated insuring any tools but the plaintiffs'. The memorandum on the back of the application contains no statement that the tools of the journeymen are meant to be insured. There is no ambiguity, latent or patent, in either policy. The testimony of Damon and Clark to the conversation about the purpose of procuring that policy was incompetent. *Weston* v. *Emes,* 1 Taunt. 115. *Kaines* v. *Knightly,* Skin. 54. *Leslie* v. *De La Torre,* cited 12 East, 583. *Work* v. *Merchants & Farmers' Ins. Co.* 11 Cush. 271. *Holmes* v. *Charlestown Mutual Fire Ins. Co.* 10 Met. 211. *Finney* v. *Bedford Commercial Ins. Co.* 8 Met. 348. *Ewer* v. *Washington Ins. Co.* 16 Pick. 502. *Whitney* v. *Haven,* 13 Mass. 172. *Higginson* v. *Dall,* 13 Mass. 96. *Higgin* v. *Boardman,* 14 Mass. 12. The defendants' policy is therefore void by the terms of the 18th by-law, whether the other policy is void or not.

THOMAS, J. This is an action upon a policy of insurance. There were two grounds of defence. The first was a change in the circumstances of the insured property, materially increasing the risk, and not communicated to the defendants. This alleged change of circumstances consisted in attempts on three distinct occasions to set fire to the shop insured. The court rejected the evidence, with the idea probably that the object of the policy of insurance was protection against loss by fire — fires kindled by incendiaries included.

The second ground of defence was a subsequent insurance on the same property, without notice to the defendants. The question of fact which arose was, whether the property insured in the second policy was the same as that insured in the first. Upon this point the testimony of the agent of the second insurance company and of one of the plaintiffs was admitted of the declarations, made at the time of insurance, as to what prop-

erty the plaintiffs desired to have their policy cover.   We think the admission of this evidence was an error.   The contract in writing could not be so controlled.

But we think also that the burden of proof was upon the defendants to show that the property insured in the second policy was the property insured in the first policy ; that upon the evidence reported this burden was not discharged; and that, upon the competent evidence in the case, it does not appear that the property was the same.   The result however is to send the case back for a                                    *New trial.*