London Assurance Corporation v. John E. Saxton, for use, etc.

1. Insurance—*Other Insurance Not Affecting the Risk.*—Unless a contract of insurance has been affected by an increase of insurance beyond that contemplated by the parties when such contract was entered into, there has been no increase of moral hazard.

London Assurance Corporation v. Saxton.

2. SAME—*Notice of Other Insurance.*—A merchant owned two stores, the merchandise of which was insured in different companies. He applied to the agents of one company and obtained permission to move the goods of the store upon which the company, represented by them, had insurance, to the other store, and having done so, the goods were mingled. Afterward when the insurance on the goods moved was about to expire he renewed it with the same agents. A loss having occurred the company set up as a defense the other insurance on the goods originally in the store, but the plaintiff recovered.

Memorandum.—Assumpsit. In the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Declaration on an insurance policy; plea, general issue; trial by the court without a jury; finding and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed October 29, 1894.

MILLS BROTHERS and BATES & HARDING, attorneys for appellant.

CREA & EWING and DAVID HUTCHINSON, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action upon a fire insurance policy. The issue was submitted to the court, a jury being waived. The plaintiff recovered and the defendant has appealed.

The defense was that there was other insurance contrary to the terms of the policy and thereby the insurer was released.

The assured had a stock of goods at No. 312 Water street, Decatur, upon which he had obtained a policy of insurance in the People's Insurance Company for $1,500. He met Dimock, who was of the firm of Johnson & Dimock, engaged in real estate loan and insurance, and in reply to Dinock's inquiry if he wanted any insurance on his stock told him he had all he wanted. Afterward he opened another store on William street in the same city, the goods being of the same general sort as in the store in Water street, and meeting Dimock again told him he would take

some insurance on the William street stock, whereupon the policy sued on was furnished him.

This policy appears to have been signed by Hiram Johnson, Dimock's partner, as agent for the insurance company. Still later, the assured, Sexton, determined to move this stock to his Water street store and applied to Dimock for permission, whereupon Dimock, in presence of the assured, wrote upon the back of the policy the desired permission and handed it to Johnson, who then signed it and handed it to Dimock, who gave it to the assured.

The goods having been taken to William street were mixed with the stock then on hand at that place and the usual course of business went on for several months, when the policy issued by The People's Insurance Company expired. This latter policy was then renewed for one year in precisely the same form as before. A few months later the whole stock was burned.

It is not contended that the fire was the fault of the assured or that the property was over-insured.

It appears, indeed, that the stock at the time of the fire was worth some seven thousand dollars and that the total insurance was for but twenty-five hundred.

We think it sufficiently appears that Dimock knew of the first policy in the People's Insurance Co. At least he knew the stock on Water street was insured. It also appears that Johnson & Dimock were partners in the insurance business, and while Johnson alone may have held the agency for the appellant corporation, yet Dimock was acting for him in obtaining business, and it would follow that the acts of Dimock should be regarded as the act of the corporation in that behalf.

When permission was given to remove the Williams street stock to Water street and to mingle all the goods, it was with the implied condition that the existing situation was to be contiuned, so far at least as insurance was concerned. Dimock knowing there was insurance on the Water street stock, as a business man, must have expected that such insurance would be continued.

It would of course be necessary to renew it when the existing policy expired, and it would be contrary to business usage to do otherwise.

In a word, the transaction implied the continuance of the then existing conditions, one of which was the insurance then in force, and necessarily the renewal of it when it expired. We think the appellant can not be heard to say otherwise and that the judgment is right on the merits.

The errors assigned also question the ruling of the court on the second and third propositions of law which were marked refused. It appears that the first proposition was held, and as it covered the law question really involved, the second and third were not important. However this may be, the brief of appellant makes no point upon this action of the court, and it is therefore to be considered as abandoned. The judgment will be affirmed.