NORWICH UNION FIRE INSURANCE SOCIETY v. CHEANEY BROTHERS.

Decided May 19, 1910.

1.—Additional Insurance—Forfeiture—Commingling of Stocks.

The authorities holding an insurance policy forfeited under the clause prohibiting additional insurance, where the stock of goods covered is afterwards commingled with another stock insured under other policies, considered and only a qualified approval expressed.

2.—Same—Burden of Proof.

The burden of proof to sustain forfeiture of an insurance policy by the commingling of the stock covered with other stock separately insured so as to constitute additional insurance on the former, is upon the defendant company. The property covered by both policies must be the same to work a forfeiture, and defendant must prove such commingling as to prevent separate identification.

3.—Same—Sufficiency of Proof.

Evidence considered and held not sufficient to show such commingling of stock as to prevent identification, where the owners of an insured livery stable stock bought out another stable and removed the first stock thereto.

Error from the District Court of Cooke County. Tried below before Hon. Clem. B. Potter.

*William Thompson* and *George S. Wright,* for plaintiff in error.— If the policy sued upon by plaintiff covered the vehicles, harness, feed, etc., after their removal to the California Street stable, then the policies previously taken out by Hunnicutt and transferred to plaintiff, covering vehicles, harness, feed, etc., all the while contained in the

California Street stable, also covered the property moved from the Elm Street stable, and constituted other insurance not consented to by defendant and avoided its policy.

A policy in general terms covers additions: Westchester Fire Ins. Co. v. Storm, 25 S. W., 318; Hooper v. Hudson River Co., 15 Barb., 413; Cummings v. Cheshire Ins. Co., 55 N. H., 457; Cyc., Vol. 19, page 668.    Agreement to remove property and continue policy in effect a new contract: Rathbone v. City Fire Ins. Co., 31 Conn., 193; Williamsburg City Fire Ins. Co. v. Cary, 83 Ills., 453; Cyc., Vol. 19, page 742.    Where two stocks are intermingled, other insurance: Washington Ins. Co. v. Hays, 93 Am. Dec., 628; Walton v. Louisiana State Marine & Fire Ins. Co., 2 Rob., 562; Whitwell v. Putnam Ins. Co., 6 Lans., 166.    Other insurance without consent entitles defendant to instructed verdict: Works, Pritchett & May v. Springfield Insurance Co., 79 S. W., 42; Phoenix Ins. Co. v. Hague, 34 S. W., 654; Insurance Co. v. Blum, 13 S. W., 572; Guinn v. Phoenix Ins. Co., 31 S. W., 566.

*Davis & Thomason,* for defendants in error.—Keeping in mind the rule that the language of the policy is selected by the company, and is to be construed strictly against the company, and that the law does not favor forfeitures, Cheaney Brothers at the time the company consented to the removal of the insured property from the Elm Street stable to the Hunnicutt stable, did not then have, and not thereafter, make or procure any other contract of insurance upon the property mentioned in said policy.    Brown v. Insurance Co., 89 Texas, 599; Bills v. Insurance Co., 87 Texas, 551.

The company having retained the premium and elected to consider the policy in force, and having consented to its removal to the Hunnicutt stable, knowing of the insurance on the Hunnicutt property, and being estopped from claiming that the Hunnicutt insurance was additional insurance within the meaning of the policy, can not retain the premium and avoid payment of the loss, upon the ground that the Hunnicutt insurance was additional insurance.    Cyc. Volume 19, page 704; A. & E. Enc. of Law, volume 13, page 314; Continental Ins. Co. v. Buchanan, 108 S. W., 355; L. L. & G. Ins. Co. v. McIntire, 110 S. W., 604.

HODGES, Associate Justice.—On December 5, 1907, appellees were engaged in the livery business at Nos. 114 and 116 West Elm Street, Gainesville, Texas, and on that day procured from appellant a policy of insurance on their vehicles, harness, lap-robes, feed, etc., for the aggregate sum of $1500.    On February 8, 1908, they bought out the business, together with the stock of vehicles, horses, harness and feed, of J. R. Hunnicutt, situated on California Street in the same city, and moved their property on Elm Street to the latter place.    A fire occurred March 21, 1908, resulting in the destruction of all the property.    Upon the refusal of the company to pay the loss, this suit was instituted.    Judgment was rendered for appellees in the court below, for the sum of $1245, from which the company appeals.

The first group of assigned errors is based upon the proposition

that the policy sued on had been forfeited because appellees had procured additional insurance upon the same property, without the consent of the appellant. The policy issued to appellees contains a stipulation providing that the entire policy shall be void, unless otherwise provided by agreement endorsed thereon, or entered therein, if the insured now has, or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole, or in part by that policy. The record shows that at the time the appellees purchased the Hunnicutt stock it was covered by five policies of insurance issued by different companies, aggregating $2800, all of which were transferred to the appellees and were in force at the time of the fire. The proposition postulates the commingling of the two stocks in such a manner as to destroy the separate identity of each, and make them one. It is assumed that in this way, the Elm Street property was brought within the cover of the policies issued upon the Hunnicutt stock. It is not necessary for us to here pass upon the question raised, inasmuch as the facts do not justify the assumption. It has been held that where two different stocks of merchandise were covered by separate policies of insurance and were subsequently commingled in the same building, becoming parts of the same stock, that would be procuring additional insurance within the meaning of the policy. Washington Ins. Co. v. Hayes, 17 Ohio St., 432, 93 Am. Dec., 628; Walton v. Insurance Co., 2 Rob. (La.) 563; London Assurance Corp. v. Saxton, 55 Ill. App., 664; 2 Cooley's Briefs on Law of Ins., 1847. The New York courts, however, do not concur fully in that holding, as will be seen by the authorities cited by Mr. Cooley. A majority of this court are not inclined to apply the rule in this case, even if the facts justified the conclusion that the two stocks were so mingled. Forfeitures are not favored in law, and will not be given effect unless the facts upon which they depend bring the case clearly within the terms of the provisions of the policy relied upon to defeat a recovery. In order that other insurance shall constitute additional insurance, within the meaning of a policy, the property covered by both policies must be the same, and the burden of proving these facts is upon the insurance company. Clark v. Insurance Co., 75 Mass. (9 Gray) 148; Phoenix Ins. Co. v. Gray, 167 Ga., 110, 13 S. E., 948; 2 Cooley's Briefs on Law of Ins., 1845, and authorities there cited. To make the proposition relied upon by the appellant in this case applicable, it is essential that the evidence should show that the Elm Street stock owned by appellees at the time of their purchase from Hunnicutt, was commingled with the Hunnicutt stock in such a manner as to bring it within the provisions and cover of the Hunnicutt policies. There was no written transfer of the policy sued upon when the property on Elm Street was moved to California Street, and the consent relied upon for the removal was the evidence of the verbal permission given by the agent. The testimony does not show that the California Street stable consisted of only one building, and that the Elm Street property was moved into it and mingled with the Hunnicutt stock in such a way as to make the two, one. On the contrary, the policies issued to Hunnicutt show that what is termed the California Street stable consisted of different apartments and different numbers. In

one policy, it is described as Nos. 310, 312 and 314 East California Street; in another, as 308 East California Street; in another, as 306 and 308 California Street. In one, it is described as a two-story brick, metal or composition roof building, and a one-story frame, metal roof attached. We do not think we can say, from the record in this case, that the goods from the Elm Street stable were so mixed with those of the California Street stable as to become one entire stock and lose their separate identity. It appears from the evidence, that this suit is to recover for the loss of the Elm Street property alone, and the proof indicates that that property was susceptible of separate identification.

In view of what we have said, it becomes unnecessary to discuss the remaining assignments of error. The judgment of the District Court is accordingly affirmed.

*Affirmed.*

Writ of error refused.