## McMILLAN v. AMERICAN GENERAL INS. CO.

No. 2699.

Court of Civil Appeals of Texas. Beaumont. March 7, 1935.

Rehearing Denied March 20, 1935.

Howth, Adams & Hart, of Beaumont, for appellant.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellee.

WALKER, Chief Justice.

On January 20, 1931, Mrs. McMillan owned as her separate property all the household furniture on the second floor of the two-story building at 2737 Twenty-Ninth street, Port Arthur, Tex. On that day Great Lakes Insurance Company issued to her a policy of fire insurance on "household furniture," etc., described generally as being located in this two-story house. The policy was issued in renewal of another policy issued to Mrs. McMillan for the sum of $500 covering the property on the second floor, while at a prior location. The agent who wrote both policies

knew that this property belonged to the separate estate of Mrs. McMillan. When she moved her furniture into this building, there was other furniture there that had been in the building for some time belonging to the community estate of Mrs. McMillan and her husband, and which, at that time, was insured for $1,000 by a policy issued by American General Insurance Company to Mr. McMillan, as owner. There was no commingling of Mrs. McMillan's separate property with the community property—her separate property was on the second floor and the community property was on the first floor. On March 18, 1932, American General Insurance Company issued to Mr. McMillan a new policy for $1,000 in extension and renewal of the prior insurance carried by it upon the community property. The description of the property covered by the policy issued to Mr. McMillan and the policy issued to Mrs. McMillan was identical, both as to its character and its location, except that Mr. McMillan was designated as the owner of the property described in his policy and Mrs. McMillan as the owner of the property described in her policy. Neither policy purported to insure all the property in the building, but the coverage was merely "on household furniture," etc., situated in the designated building. When American General Insurance Company issued its last policy, it did not know of the policy previously issued to Mrs. McMillan nor that her separate property was in the building. It had no knowledge of the ownership of the property in the building, except that obtained when it issued its first policy to Mr. McMillan, prior to the time Mrs. McMillan moved her property into this building. On the 16th of June, 1932, all the property in this building was destroyed by fire except three mattresses. Great Lakes Insurance Company paid its policy in the sum of $500. American General Insurance Company refused to pay its policy on the ground that the policy of insurance taken out by Mrs. McMillan violated the following condition contained in both policies: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other character of insurance, whether valid or not, on property covered in whole or in part by this policy." Each of the policies also contained the following condition of forfeiture: "If the interest of the insured in the property be other than unconditional and sole ownership."

The suit was by Mrs. Tommie McMillan, as administratrix of her husband's estate, against American General Insurance Company, to recover the $1,000 claimed under the policy issued to Mr. McMillan on the 18th of March, 1932. Verdict was instructed in favor of the defendant on the conclusion of the trial court that Mrs. McMillan's policy violated the provisions of the "other contract of insurance" clause, quoted above.

■■ The instruction was error. The law does not favor forfeitures. Though the description of the property covered by the two policies was identical, except as to ownership, the issue was raised that Mr. McMillan and appellee intended to insure only the community property and that Mrs. McMillan and her insurance company intended to insure only her separate property. Parol evidence was admissible to prove that issue. In Westchester Fire Insurance Co. v. Storm, 6 Tex. Civ. App. 390, 25 S. W. 318, 319, it was said: "It has also been held that parol evidence may be admissible to show that the property, though apparently identical in two policies, is not in fact identical. May, Ins. § 367; Clark v. Ins. Co., 9 Gray [Mass.] 148; Storer v. Ins. Co., 45 Me. 175."

■ Also the material fact was in the case that these policies were issued respectively to the owners of the property insured, which, in the absence of a commingling, was evidentiary on the issue of identification. Royston v. McCulley (Tenn. Ch. App.) 59 S. W. 725, 52 L. R. A. 899. Though the property was all covered by the same general description, where there was no commingling and the intent was to insure the several parcels by different policies, the "other contract of insurance" condition was not breached. Norwich Fire Ins. Soc. v. Cheaney Bros., 61 Tex. Civ. App. 220, 128 S. W. 1163 (writ of error refused), directly in point.

If appellee's counter propositions be conceded, (a) that the husband may insure the wife's separate property in his own name, and (b) that the wife may insure the community property in her own name, which we do not concede, yet the instructed verdict was error, for the reason that the issue was raised that the husband did not intend to insure the wife's property and the wife did not intend to insure the community property.

■ The testimony was that the husband knew that the wife was going to take out her insurance policy before it was issued and that he knew of its issuance and acquiesced therein. That testimony does not support the instructed verdict, for the reason that the issue was raised that they both intended that it should cover only her separate property.

■ The court correctly received evidence to the effect that, within a few weeks after the policy was issued to Mrs. McMillan, her insurance company issued and mailed to her a rider permitting $1,500 concurrent insurance. The issuance of this rider and whether or not she received it were evidentiary facts on the issue of her intention in taking out the policy. We overrule the contention that the mere fact that the rider was issued was sufficient to support the instructed verdict.

The evidence does not support the conclusion, as a matter of law, that appellee, in issuing the policy to Mr. McMillan, intended to cover all the property in the house, both the community and the separate property of Mrs. McMillan; so, appellee's counter proposition to that effect does not support its instructed verdict.

The judgment of the lower court is reversed, and the cause remanded for a new trial.