CASE 13.—ACTION BY LAURA AVANT AGAINST THE
NORTHWESTERN NATIONAL INSURANCE CO. OF
MILWAUKEE TO RECOVER ON A FIRE POLICY.—
February 17.

# Northwestern Nat. Ins. Co. v. Avant

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for plaintiff, defendant appeals—Reversed.

1. Insurance—Fire Insurance—Stipulation Against Other Insurance—Validity.—A provision. in a fire policy stipulating that the policy shall be void if insured procures other insurance, whether valid or not, is valid.
2. Insurance—Fire Insurance—Contract.—Where the parties to a fire policy agree that other insurance might be procured by insured, the provision in the policy against other insurance was eliminated.
3. Insurance—Fire Insurance—Contract.—Though a fire policy stipulated that, unless the agreement for other insurance was in writing, it should not be binding on insurer, the assent of insurer to additional insurance need not be in writing; the law not requiring such an agreement to be in writing.
4. Contracts—Validity.—Parties can not agree so as to bind themselves either that contracts which the law requires to be in writing shall be valid, though in parol, nor that contracts which the law allows to be in parol shall not be valid unless in writing.
5. Insurance— Agreements.— Consideration. — The consideration supporting the original contract of insurance, evidenced by a policy stipulating against additional insurance unless the agreement therefor shall be in writing, is sufficient to support a subsequent parol agreement for additional insurance
6. Insurance—Fire Insurance—Agreement for Additional Insurance.—Where the agent of insurer issuing a fire policy stipu-

Northwestern Nat. Ins. Co. v. Avant.

lating against other insurance unless assented to by insurer assented to insured taking out additional insurance, the condition as against other insurance was waived.

7. Insurance—Fire Insurance—Agreement for Additional Insurance.—Whether the agent of insurer issuing a fire policy stipulating against other insurance unless assented to by insurer assented to insured procuring additional insurance is for the jury.

8. Insurance—Fire Insurance—Agreement for Additional Insurance.—Where the agent of insurer with whom a contract of insurance was made was informed by insured that the latter desired additional insurance, and then stated that he would like to have the opportunity to write the additional insurance, but before insured was ready to take the additional insurance insurer withdrew its agency from the agent, a finding that there was an assent by insurer to insured taking out additional insurance was warranted.

9. Insurance—Fire Insurance—Agreement for Additional Insurance.—Where, in an action on a fire policy stipulating against additional insurance, unless assented to by insured, there was evidence of an assent by insurer's agent to other insurance, an instruction that the jury should find for insurer unless the agent knew that insured was contemplating taking out additional insurance, or he solicited insured to take additional insurance, in which case they should find for plaintiff, was erroneous for failing to submit the issue of insurer's assent to additional insurance.

ROBBINS & THOMAS for appellant.

FOY & FUELCHER and R. G. ROBBINS of counsel.

So far as we have been able to find, no authority has gone so far as to hold that the mere solicitation by an agent of additional insurance, or the mere knowledge on his part that the insured at some time contemplates taking out additional insurance, will amount to a waiver of the expressed stipulations in a contract.

### AUTHORITIES CITED.

Stevenson v. Phoenix Ins. Co., 83 Ky. 11; Ostrander on Fire Insurance, section 252; Ill. Mut. Life Ins. Co. v. Malloy, 50 Ill. 419; Gilbert v. Ins. Co., 36 Barb. New York, 372; Joyce on Insurance, volume 5, section 2487.

W. J. WEBB for appellee.

### POINTS AND AUTHORITIES.

If the insurance company or its agents knew of appellees intention to take additional insurance, this was a waiver of the provision of the policy prohibiting the issual of additional insurance without the consent of the company. (Brumfield v. Union Insurance Co., 10 Ky. Law Rep. 14; Commercial Union Assurance Co. v. Urbansky, 24 Ky. Law Rep. 462.)

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellee was insured against loss of her property by fire in a policy issued by appellant company in the sum of $500. The policy contained this provision: "This entire policy unless otherwise provided by agreement, and endorsed thereon, or added thereto, shall be void if the insured now has or shall hereafter make and procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." Subsequently appellee obtained another policy of insurance upon the same property for $100 to be written by another company. The house containing the insured furniture was burned, together with its contents. This suit is upon the first policy. The company set up the clause quoted above and the obtention of the second policy without its assent as a defense. In avoidance of that defense, appellee claims that a few days after she obtained the policy in suit she notified appellant that she would probably want other insurance on the property, and appellant's agent with whom the contract was made assured her that it would be all right, and solicited her to take out the insurance with him.

Provisions of the character of the one quoted are

familiar and wise regulations of the business of fire insurance. It is to prevent overinsurance, which might tempt the insured either to burn the property or to be less vigilant in protecting it against fire than he would be if the property was not insured to excess. Those provisions are upheld as a valid subject of the contract, and one which it is the policy of the law to encourage. If the parties to the contract agree that other insurance may be written upon the property, then the provision against other insurance is eliminated from it. The law does not require such agreement to be in writing. Although the policy of insurance stipulates that, unless the agreement for other insurance is in writing, it shall not be binding upon the company, that provision is not binding, as it is not competent for a man to bind himself that he will not be bound by a valid—that is, lawful—contract. The policy of the law is that certain contracts must be in writing to be valid, while all others may be in parol. The parties cannot agree so as to bind themselves either that contracts which the law requires to be in writing shall be valid though in parol, and in spite of the law, nor that contracts which the law allows to be in parol shall not be valid unless in writing. Parties cannot by contract alter the law. Hence if the agreement in fact was that other insurance might be procured by the insured, that agreement is valid, though not in writing, if it is sustained in other respects. Nor does the parol agreement change or modify the written agreement. The latter itself provides for a subsequent modification. No other consideration than that supporting the original contract is needed to support the subsequent agreement. The written policy provides a condition upon which it shall become void. It also

contains a stipulation as to how that condition shall
be waived. The condition is that the insurer shall
assent to the additional insurance. If the insurer
does not assent to it, either by express agreement,
or by conduct implying such assent, then the condi-
tion is waived. If the agent who acted for the insurer
in effecting this insurance at the time or while acting
as such agent assented in writing indorsed upon or
added to the policy that other insurance might be
obtained upon it by the insured, it would not be
doubted that his action would have bound the insurer.
We have seen that the assent does not have to be
in writing to be binding. Such are the authorities.
Commercial Union Assurance Co. v. Urbansky, 113
Ky. 624, 68 S. W. 653, 24 Ky. Law Rep. 462; Brum-
field v. Union Insurance Co., 87 Ky. 122, 7 S. W.
893, 10 Ky. Law Rep. 13. If subsequent to the issual
of the policy the appellant by its agent then repre-
senting it assented that the insured might take out
additional insurance upon the property, the condi-
tion against other insurance was waived. Whether
there was such assent is a question of fact, to be
determined by the jury. The evidence for appellee
is that the agent with whom the contract was made a
few days after the policy was issued was informed
that the insured desired later to take out additional
insurance upon the property, and he said it was all
right, and that he would like to have the opportunity
to write it. But before appellee was ready to take
the additional insurance the appellant withdrew its
agency from Mayfield, and the agent removed to
another point. If such be the facts, the jury would
be warranted in our opinion in finding that there was
an assent by the appellant company that appellee
might take out additional insurance.

The court submitted the question at issue to the jury in this instruction: "The court instructs the jury they should find for the defendant unless they believe from the evidence that defendant's agent, Dupree, knew that plaintiff was contemplating taking out additional insurance to the amount already written by him, or that he solicited her to take such additional insurance, in which event you should find for the plaintiff, etc. This instruction did not submit to the jury the necessary fact to be determined. That the agent knew the insured contemplated taking additional insurance is in no sense a waiver of the provision that before such additional insurance would be allowed it must be by the insurer's assent; otherwise, the insured could in spite of the insurer's will or assent take out further insurance, thereby increasing the risk to the insurer. As the jury may have found their verdict upon that feature of the instruction alone, we think the instruction was prejudicial to the appellant. If appellant's agent solicited the additional insurance, that conduct might be regarded as a waiver of the condition against additional insurance, or it might not. That is for the jury to say.

The judgment is reversed, and cause remanded for a new trial under proceedings consistent herewith.