## Hurst Home Insurance Company v. Deatley.

(Decided May 22, 1917.)

### Appeal from Nicholas Circuit Court.

1. Insurance—Additional Insurance—Construction of Contract.— Where a clause in a policy of insurance on a building provided

that if the insured should "take out additional insurance in any other company on any of the. above described property or on any property contained in the above described building, without the written consent of the company" the policy should be void, the insured had the right, without avoiding the policy, to take out original insurance on personal property contained in the building.

2. Insurance—Additional Insurance—Meaning of.—Additional insurance means other insurance on property covered or partly covered by insurance. It does not apply to any other property, because other insurance on other property would not be additional insurance. It would be original insurance.

3. Insurance—Construction of Contract Favorable to Insured Will Be Adopted.—Where a contract of insurance is susceptible of two constructions, one favorable to the insurance company and the other favorable to the insured, that construction will be adopted that is most favorable to the insured.

CLINE & HUTCHCRAFT and MORGAN & DARAUGH for appellant.

HOLMES & ROSS, JOHN P. McCARTNEY and WM. CONLEY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The Hurst Home Insurance Company, which is a mutual assessment company incorporated under the laws of this State, isssued to Deatley a policy insuring a stock and tobacco barn owned by him against loss by fire. While this policy was in force the barn was destroyed by fire, and the company refusing to pay the policy, this suit was brought.

In the second paragraph of its answer the company set up the following defense to the suit: "The defendant files herewith as part hereof marked 'Exhibit Application' the plaintiff's written application for insurance referred to in the petition. It states that said application was signed by the plaintiff and contained the following words: 'I agree that any policy issued to me by the Hurst Home Insurance Company shall become void in either of the following events: "A," if I take out additional insurance in any other company on any of the above described property or on any property contained in the above described buildings, without the written consent of the manager and secretary of the Hurst Home Insurance Company.' . . .

"It says that the policy issued to this plaintiff and that all policies of insurance issued by this defendant con-

tained the following clause: '4. The insured shall take out no additional insurance in any other company, either on the within described property or on property within buildings insured in this company, excepting live stock, without the written consent of the general manager and secretary.' That before the loss alleged in the petition and after the date of said application and said policy, the defendant in violation of each of said clauses, without the knowledge or consent of the Hurst Home Insurance Company, or its manager or secretary, took out additional insurance upon the property contained in the building described in said application and policy, to-wit: A policy insuring said plaintiff against loss by fire to the extent of four hundred dollars on tobacco contained in said building, and that said insurance on contents was in force, and said tobacco was contained in said building, at the time of the alleged loss.

"Defendant says further that said agreement in the application and said condition in the policy were material to the risk assumed by this defendant, and that it had no knowledge of the plaintiff's said violation thereof until after said alleged loss had occurred."

The lower court sustained a general demurrer to this paragraph, and the company declining to plead further, a judgment went against it for the amount of the policy, and by appropriate motion it asks that an appeal be granted and the judgment reversed.

It will be observed that Deatley agreed in his application that if he took out "additional insurance in any other company on any of the above described property (that is, the barn) or on any property, except live stock, contained in the above buildings, without the written consent of the manager and secretary of the Hurst Home Insurance Company," the policy would be and become void; and that it was stipulated in the policy that "The insured shall take out no additional insurance in any other company, either on the within described property or on property within buildings insured in this company, excepting live stock, without the written consent of the general manager and secretary." It will further be observed that the demurrer to the second paragraph of the answer admits that, without the knowledge or consent of the Hurst Home Insurance Company, or its manager or secretary, Deatley did take out to the extent of four hundred dollars a policy insuring tobacco contained in the barn covered by the policy of the Hurst Insurance

Company, and that this policy was in force on the tobacco in the building at the time it was destroyed by fire.

There is no room for dispute that the insurance company had the right to insert in its policy a prohibition against Deatley taking out additional insurance on the barn without its consent, or against taking out insurance without its consent on any property stored in the barn, and so we need not concern ourselves further about the proposition that the insurance company might have prohibited Deatley from taking out insurance in any other company on the tobacco that was stored in his barn at the time it was destroyed by fire. The question is, does the policy contract, when reasonably and fairly construed, contain a prohibition like this? It is not what the company might have done, but what did it do by the stipulation contained in its contract.

Counsel for the insurance company argue with considerable plausibility that the condition in the application as well as in the policy prohibited the insured from securing in another company insurance on the tobacco stored in his barn that was covered by the insurance in the Hurst Company, while counsel for the insured insist that these conditions only prohibited the insured from taking out without the consent of the Hurst Company *additional* insurance on the property covered by its policy. And we agree with the view taken by counsel for the insured. He was not to take out additional insurance in any other company on the building insured by the Hurst Company, or on any property contained in that building. Now, did he take out, in violation of this stipulation, additional insurance? If he did not, the condition was not violated. The word "additional" is in common use, and its meaning is very well understood by people generally as being something that is added to or put on to a thing already in existence. It is defined by Webster as "Added, supplemental, coming by way of addition." In ordinary usage additional insurance would be understood as other insurance on property already covered or partly covered by insurance. For example, if Deatley had taken out other insurance on his barn, this would have been additional insurance. The word additional in the clauses applied only to the property already insured in the Hurst Company. It could not apply to any other property, because other insurance on other property would not be additional insurance. It would be original insurance.

The Hurst Company had insurance on the barn, but did not have insurance on the tobacco, and, according to our construction of the contract, the insured was prohibited from taking out additional insurance on the barn, but not on the tobacco contained in the barn, unless the Hurst Company also had insurance on it. This clause, which was printed in the policy contract, is what is known as a "blanket" clause and was intended for use in all cases in which policies were issued, and to be applicable to such conditions as might actually exist. For example, the company might issue insurance on property contained in a building, but not on the building, and if so, this general clause would prohibit the insured from taking out additional insurance on the property contained in the building. But this would not prevent the insured from taking out other insurance on the building. If the clauses had read, "If I take out additional insurance in any other company on any of the above described property (that is, the property described in the policy contract), or if I take out any insurance on property contained in the above described building without the written consent of the manager or secretary of the Hurst Home Insurance Company, the policy will be void," the insured would by the very terms of the policy clearly be prohibited from taking out additional insurance on the building or any insurance on the tobacco without the consent of the Hurst Company. But the clause does not read this way. Or if the word "additional" had been left out of the clauses and the prohibition had been against taking out insurance in any other company on the building or the property contained therein, there would be no doubt as to its meaning. It is the use of the word "additional" that limits the prohibition to property covered by insurance in the Hurst Company. Nor do we think that the words "in any other company" furnish any aid in the construction of the clauses or that they are opposed to the construction we put upon the contract. The insured could not have taken out additional insurance in the Hurst Company without its knowledge and consent; therefore, it was only necessary that he should be prohibited from taking out insurance in other companies.

Counsel for the insurance company say: "Evidently there are two classes of property contemplated upon which any insurance other than that taken out in the Hurst Company is prohibited." This would be so if the Hurst Company had insurance on both classes of prop-

erty. Plainly, if the Hurst Company had insurance on the building and the tobacco, insurance in any other company on either the building or the tobacco, or both, would be additional insurance. But additional insurance means insurance in addition to other insurance on the particular property or some part thereof. If there is no other insurance on the property, the placing of insurance on it cannot be additional insurance according to any meaning of the word additional.

The words "additional insurance" in the clauses apply not only to the building, but to any property contained in the building. In other words, they should be construed as if they read, "If I take out additional insurance in any other company on any of the above described property, or additional insurance on any property contained in the above described building, this policy will be void." Evidently the words "additional insurance" in these general clauses were intended to protect the company against additional insurance if it issued a policy on a building or if it issued a policy on property contained in a building. For example, if this policy had been issued on the tobacco contained in the building, these clauses would have prohibited the taking out of any additional insurance on the tobacco, but they would not have prohibited other original insurance from being taken out on the building.

If the words "or on any property contained in the above described building" had been omitted from these clauses, and the company had issued a policy on property contained in the building, plainly the insured could, without violating the policy, have secured additional insurance on this property. So we repeat that the prohibition against additional insurance on buildings as well as on property contained in buildings was inserted for the purpose of prohibiting additional insurance from being taken in some other company after the company had issued a policy on the building as well as after it had issued a policy on property contained in the building. In this connection it is worthy of notice that it appears that the principal business of this company is writing insurance only on buildings and property contained in buildings. Hence the prohibition against additional insurance was confined to buildings and property contained in buildings.

In insurance contracts the words additional insurance, other insurance, and double insurance are used inter-

changeably, although there is a technical difference in their meaning, and it has been frequently held that double insurance or other insurance exists only when there are two or more policies on the same specified property, or some part of it. When we say that a man has double insurance or other insurance, we mean that he has two or more insurance policies covering the same property, and when we say that a man has taken·out additional insurance we mean that he has taken out on the same property insurance in addition to insurance already on the property.

That there is ample authority for the views we have expressed may be seen by an investigation of the text books and cases on the subject under consideration, and from them we select the following as illustrating the general principles:

In Cooley's Briefs on the Law of Insurance, vol. 2, page 1843, it is said: "As a general proposition it may be said that double insurance exists when the same person is insured by several insurers separately in respect to the same subject-matter and the same interest. In addition to this, it may be said that to constitute double insurance the second policy must insure against the same risk as a prior one. . . . In order that subsequent insurance shall constitute double insurance within the meaning of a policy the subject-matter covered by both policies must be the same. . . . But an insurance on goods in a store is not within a rule of an insurance company making a policy on the store void in case insured procures insurance on the same or 'any other property connected with it' in another company."

In Norwich Fire Insurance Society v. Cheaney, 61 Tex. Civ. App. 220, it is said: "Forfeitures are not favored in law and will not be given effect unless the facts upon which they depend bring the case clearly within the provisions of the policy relied upon to defeat a recovery. In order that other insurance shall constitute additional insurance within the meaning of the policy the property covered by both policies must be the same, and the burden of proving these facts is upon the insurance company." To the same effect are Clark v. Insurance Company, 75 Mass. (9 Gray) 148; Phoenix Insurance Company v. Gray, 167 Ga. 110; May on Insurance, 4th ed., vol. 2, section 367; Home Insurance Company v. Gwathmey, 82 Va. 923; Westchester Fire Insurance Company v. Foster, 90 Ill. 121.

In Jones v. May Mutual Fire Insurance Company, 18 Me. 155, the facts were these: Jones took out a policy of insurance in the May Mutual Fire Insurance Company on his store building. Afterwards, and while this policy was in force, he obtained insurance in another company on the stock of goods in the store. The policy on the store building provided: "No person whose property is insured in the company shall be allowed to insure the same, or any other property connected with it, in any other company, or at any other office, and in case of such insurance his policy obtained from this company shall be void and of no effect." The question for decision was, whether the insurance obtained on the stock of goods avoided the policy on the store building, and the court held that the condition in the policy on the building did not prohibit the insured from insuring his stock in trade in another company.

In Sloat v. The Royal Insurance Company, 49 Pa. 14, the facts were these: Sloat was the owner of a brick, steam planing mill in which were certain machinery and a quantity of unfinished material. He had secured insurance on this building in the Royal Insurance Company. Thereafter he secured insurance in other companies on the machinery and material in the building. The policy in the Royal Insurance Company contained this clause: "Persons insuring property at this office must, when required, give notice of any other insurance made elsewhere on the same property, in their behalf, and cause a minute or memorandum of any other insurance to be endorsed on their policies, in which case this company shall only be liable to the payment of a rateable proportion of any loss or damage which may be sustained; and unless such notice be given, the insured will not be entitled to any benefit under such policy." In a suit against the Royal Insurance Company to recover on the policy on the building, it set up the defense that in violation of the condition the insured had taken out other insurance, and the court, after holding that "Double insurance takes place when the assured makes two or more insurances on the same subject, the same risk and the same interest," said that the policy of the Royal Insurance Company on the building was not affected by the subsequent insurance on the machinery and building material.

If the contract is open to two constructions, and the one we have adopted is more favorable to the insured than the other construction, it is simply because the con-

tract is reasonably susceptible of two constructions, one favorable to the insurance company and the other favorable to the insured, and in cases like this the uniform rule is to resolve the doubt in favor of the insured. Thus it was said in Spring Garden Insurance Company v. Imperial Tobacco Company, 132 Ky. 7:

"In the construction of policies the same rule obtained as in the construction of other contracts, with the exception that a policy will be construed in favor of the insured so as not to defeat, without plain necessity, his claim to the indemnity which in taking the insurance it was his object to secure; and, when the words are fairly susceptible of two interpretations, that one which will sustain his claim and cover the loss must by preference be adopted. It may also be said that ambiguities, and words, sentences, or clauses of doubtful meaning, will be construed against the insurer; and this for the reason so often declared that the companies themselves prepare the policies with great care and deliberation, and, as the insured has no election except to accept them as prepared and presented to him, it is fair that they should be construed most strongly against the insurer and most liberally in favor of the insured, so that the purpose for which the insurance was obtained may be effectuated, if this can be done without violence to the contract."

The motion for an appeal is sustained, and the judgment is affirmed.