## Ohio Valley Fire & Marine Insurance Company's Receiver v. Skaggs.

(Decided November 12, 1926.)

### Appeal from Laurel Circuit Court.

1.  Property.—Essence of "ownership" of thing is aid which organized society, through courts as its agents, will give one individual, to exclusion of all others, to take or keep possession of it.

2.  Insurance—Husband, Signing Wife's Contract to Convey Realty as Grantee, is Not Owner of and has no Insurable Interest in Property (Ky. Stats., Section 2128).—In view of Ky. Stats., section 2128, requiring husband to join in wife's contract to sell or convey her realty, he cannot sign such contract as grantee, and hence is not owner of and has no insurable interest in property so conveyed.

3.  Insurance—Policy Void as to Building Because of Insured's Want of Title Held Void as to Contents.—Risk on contents of building being inseparable from that on building, policy on both was not severable, and, being void as to building because of insured's want of title increasing hazard, is void as to contents.

4.  Courts.—Syllabus by unofficial reporter, or even by court, is no part of decision.

H. C. CLAY and O'REAR, FOWLER & WALLACE for appellant.

C. C. WILLIAMS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The appellant, whom we shall call the defendant, seeks to reverse a judgment for $6,000.00 recovered against it by the appellee, whom we shall call the plaintiff. On January 24, 1922, the defendant issued to the plaintiff a policy by which it insured a storehouse and contents against loss by fire, $1,000.00 being upon the building and $5,000.00 upon the contents. April 19, 1922, both were destroyed by fire.

Defendant in its answer denied that plaintiff was the owner of either the building or its contents, or any part of either, and plead:

"That the policy of insurance filed with and made a part of the petition herein, among other things, provides that if the interests of the insured in the property be not truly stated therein, the entire policy shall be void, and said policy further provides that if the interests of the insured in said property be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, that this entire policy, unless otherwise provided by agreement indorsed thereon, or added thereto, shall be void.

"That the plaintiff, W. C. Skaggs, did voluntarily, knowingly and wilfully and for the sole purpose of collecting the insurance thereon, set fire to and cause all of the property mentioned in the petition to be destroyed by fire at the time mentioned in the petition."

Two trials have been had; on the first trial the jury found for defendant; a new trial was awarded plaintiff by the trial court, and upon the second trial, the court directed the jury to find for the plaintiff, and this appeal is from the judgment entered on that verdict. The policy sued on contained this:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple."

On January 17, 1920, John B. Eberlein and wife deeded plaintiff's wife, Gertrude W. Skaggs, and her mother, Addie L. Webster, certain real estate in the city of London, whereon there was a dwelling and the storehouse that was burned, the insurance upon which is involved in this case, and by that deed they also acquired a business then being conducted in this storehouse as will appear from this, which is copied from that deed: "John B. Eberlein has sold his undertaking establishment, and undertaking supplies, automobile and undertaking business to parties of the second part."

Plaintiff claims to have acquired title to this business, the storehouse in which it was conducted, and the ground on which the building stood, under the following unrecorded and unacknowledged paper:

"London, Ky., Jan. 20th, 1920.

"This agreement entered into by and between Wm. C. Skaggs, of London, Kentucky, of the first part and Gertrude W. Skaggs, his wife, and Addie L. Webster, her mother, of the second part, also of London, Kentucky, do covenant and agree as follows: The parties of the second part agree that if the party of the first part will put the real estate and undertaking business in their names, that they will put $3,250.00 into the enterprise; to this the party of the first part agrees and with the distinct understanding that the store building and everything therein connected with the undertaking business shall be his, and the party of the first part is to conduct the undertaking business as he thinks best without the interference of the parties of the second part.  To this we each and severally agree and set our hands and seals this Jan. 20, 1920.

"Wм. C. Skaggs
"Gertrude W. Skaggs
"Addie L. Webster."

The deposition of Mrs. Webster was taken, and in it she said:

"I had no interest in the stock of goods in any way, or in the building, the goods was in, but had one thousand dollars in the residence on the same lot the building was located on.  .  .  .

"I had only $1,000.00 in it altogether, and that was in the residence only and not the storehouse."

Thus, if plaintiff had any title at all to the building burned, he acquired it from his wife under this paper. Judge Cooley in vol. 2 of his Briefs on the Law of Insurance, page 1348, says:

"An absolute ownership is said to exist when the interest is so completely vested in the insured, that he cannot be deprived of it, without his own consent."

Judge Cooley cites in support of this statement the case of Hough v. City Fire Ins. Co., 29 Conn. 10, 76 Am. Dec. 581, but an examination of that opinion discloses a better definition of ownership than Judge Cooley gives, for the court said:

"An individual may properly regard property as his and so denominate it, when he has a right to it, and the power by law to enforce and protect that right."

That is more nearly correct. The essence of the ownership of a thing is that aid which organized society will through the courts, as its agents, give to one individual to the exclusion of all others, to take or keep possession of it. No matter what claim a man may have to a thing, if the courts will not aid him to take or keep possession of it, he is not the owner thereof. He must have a claim the courts can and will enforce. The plaintiff's claim to this property does not measure up to that standard. By section 2128 of the statutes, a wife may not make any contract to sell or convey her real estate, unless her husband join in such contract. That means he must join as a grantor. Both plaintiff and his wife sign this contract, but he signs as a grantee, not as a grantor. He can not, in a contract with his wife, occupy both the position of grantor and that of grantee. No court could enforce this contract, hence the plaintiff acquired no title thereby, and was not the owner of this property, and had no insurable interest therein. See 26 C. J. 35, note 42; also note in 66 L. R. A. 657.

Having disposed of the question of insurance upon the building, we come now to the insurance upon its con-

tents.  Is this contract one single and indivisible contract which if void as to part of the property covered, is void *in toto*, or is it in reality two contracts, one for $1,000.00 on the building, and another for $5,000.00 on the contents?

There may be said to be three distinct rules on this question, each having the support of respectable authority.

Rule one, which has considerable support, is that where the amount of insurance is apportioned to distinct items, but the premium paid is gross, the contract is entire.

Rule two, which has been laid down by the courts of a number of other states, is that where the property insured consists of different items, which are separately valued or insured for separate amounts, the contract is divisible, and a breach of warranty or condition as to one item will not affect the insurance on the remainder of the property, even though the premium be entire.

Rule three seems to take a middle ground, between the extreme doctrines of these rules, and holds that the question of the *severability* of the contract depends upon the nature of the risk.  That is, that where the property is so situated that the risk on one item can not be affected without affecting the risks of the other items, the policy must be regarded as entire; but where the property is so situated that the risk on each item is separate and distinct from the risk on the other items, so that what affects the risk on one item does not affect the risk on the others, the policy must be regarded as severable.  A number of cases will be found in 14 R. C. L. 941, and in the notes published in 38 Am. Rep. 230, 8 L. R. A. 834, 51 L. R. A. (N. S.) 1051, 2 Ann. Cas. 24, Ann. Cas. 1912C 989, 19 L. R. A. 215, and 26 C. J. 65, 101, 235.

Under rule three, which appears to have been the rule followed in this state, if a building and the furniture or contents therein are insured and there is a breach of condition respecting one item, this relieves the insurer from liability for all, as the breach of the condition increases the hazard as to all items.  The plaintiff's want of title to the storehouse increased the hazard as to it.  The risk upon its contents was inseparable from the risk upon the building, and the increase of hazard to the building necessarily affected the contents.  This contract

was therefore not severable, and being void as to the building, it is void *in toto*. Niagara Fire Ins. Co. v. Layne, 162 Ky. 665, 172 S. W. 1090; Springfield Fire and Marine Ins. Co. v. Phillips, 16 Ky. Law Rep. 390.

This conclusion was not reached in ignorance of the cases of Insurance Company v. Lawrence, 61 Ky. (4 Metc.) 9, 81 Am. Dec. 521; Continental Ins. Co. v. Gardner, 23 Ky. L. R. 335, 62 S. W. 886; Thompson v. Farmers' Mut. Insurance Co., 10 Ky. L. R. 282. This court considered the Lawrence case at the time the Layne case was decided, and in that opinion, we said that what was said in the Layne case was the underlying doctrine of the Lawrence case. The Gardner case is distinguished from this by the fact that the insurance on the personalty was issued two and one-half months after the insurance on the building. We have not the opinion in the Thompson case before us. All we have is a syllabus made by an unofficial reporter, and it is our rule that a syllabus, even though written by the court, is no part of the decision. Black on Judicial Precedents, page 53.

Judgment is reversed, with directions to award defendant a new trial in conformity to this opinion.