## Dixie Fire Insurance Company v. Greer.

(Decided March 7, 1930.)

HITE H. HUFFAKER, KIRK, KIRK & WELLS and JOHN R. MOREMAN for appellant.

DAUGHERTY & BARRETT for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In this case, the appellee, who was the plaintiff below, brought suit upon an insurance policy insuring a

house he occupied, his household and personal effects therein, and a barn on the land where his house was located. The appellant, defendant below, pleaded that the house and barn were located on land title to which appellee did not have, and relied upon the provision in his policy which stated it should be "void if the interest of the insured be other than unconditional and sole ownership or if the subject of insurance be a building on ground not owned by the insured in fee simple." There was no reply, the court treating the allegations of the petition as amended and the answer and amended answer as presenting the issues in the case. The appellee recovered the full amount sued for, and from the judgment in his favor, this appeal is prosecuted.

Appellee pleaded and proved the following state of case: His father-in-law was the owner of a tract of land in Pike county; he orally agreed that if appellee would build a house upon this land and move his family into it, he would deed the property to *appellee's wife;* that pursuant to this agreement, he did build a house and barn on the land and moved his family into it. He thereafter insured the house, its contents, and the barn in his own name, and was occupying the property on the faith of the oral promise of his father at the time the house, its contents, and the barn were destroyed by fire. He admits that he had no deed to the property and that his father-in-law had not even conveyed it to appellee's wife as he alleged his father-in-law had agreed to do.

Under this state of case as alleged and approved, the court should have sustained a demurrer to the petition as amended and, at least after the answers were filed calling specific attention to the clause in the policy above quoted, have given judgment for appellant when the case was submitted for judgment.

In the case of National Union Fire Insurance Co. v. Hall, 233 Ky. 337, 25 S. W. (2d) 743, we had before us the consideration of the validity and effect of the clause of the insurance policy here relied upon, and upon the authority of that case, it is obvious that appellee has no cause of action. Indeed, appellee's case is not as strong as was the case of the appellee in the Hall case, for the present appellee not only had no title but was never to get any title; it being promised to appellee's wife. We need not discuss whether appellee had, until his father-in-law conveyed the property to appellee's wife as it is alleged he promised to do or at least until

he repudiated that alleged promise, an insurable interest or not by way of lien for the improvements put upon the property, as no question of any waiver of the provision of the policy here relied upon is presented. While it is true the Hall case goes no further than to deny appellee a recovery for the house and barn, yet under the case of Ohio Valley Fire & Marine Insurance Co.'s Receiver v. Skaggs, 216 Ky. 535, 287 S. W. 969, 971, he may not recover for the contents of the house either. In that case we said:

"Having disposed of the question of insurance upon the building, we come now to the insurance upon its contents. Is this contract one single and indivisible contract which if void as to part of the property covered, is void in toto, or is it in reality two contracts, one for $1,000 on the building, and another for $5,000 on the contents? There may be said to be three distinct rules on this question, each having the support of respectable authority.

"Rule 1, which has considerable support, is that where the amount of insurance is apportioned to distinct items, but the premium paid is gross, the contract is entire.

"Rule 2, which has been laid down by the courts of a number of other states, is that where the property insured consists of different items, which are separately valued or insured for separate amounts, the contract is divisible, and a breach of warranty or condition as to one item will not affect the insurance on the remainder of the property, even though the premium be entire.

"Rule 3 seems to take a middle ground between the extreme doctrines of these rules, and it holds that the question of the severability of the contract depends upon the nature of the risk. That is, that where the property is so situated that the risk on one item cannot be affected without affecting the risks of the other items, the policy must be regarded as entire; but where the property is so situated that the risk on each item is separate and distinct from the risk on the other items, so that what affects the risk on one item does not affect the risk on the others, the policy must be regarded as severable. A number of cases will be found in 14 R. C. L. 941, and in the notes published in 38 Am. Rep. 230; 8 L. R. A. 834,

51 L. R. A. (N. S.) 1051; 2 Ann. Cas. 24; Ann. Cas. 1912C, 989; 19 L. R. A. 215; and 26 C. J., 65, 101, 235.

"Under rule 3, which appears to have been the rule followed in this state, if a building and the furniture or contents therein are insured and there is a breach of condition respecting one item, this relieves the insurer from liability for all, as the breach of the condition increases the hazard as to all items. The plaintiff's want of title to the storehouse increased the hazard as to it. The risk upon its contents was inseparable from the risk upon the building, and the increase of hazard to the building necessarily affected the contents. This contract was therefore not severable, and being void as to the building, it is void in toto. Niagara Fire Ins. Co. v. Layne, 162 Ky. 665, 172 S. W. 1090; Springfield Fire & Marine Ins. Co. v. Phillips, 16 Ky. Law Rep. 390."

The judgment of the lower court is reversed for proceedings consistent with this opinion.

Whole court sitting.

Judges LOGAN, CLAY and WILLIS concur in this result.