## New York Underwriters' Ins. Co. v. Ray.

(Decided Nov. 22, 1932.)

HITE H. HUFFAKER and CARROLL & CARROLL for appellant.
POLK SOUTH, Jr., for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Asa Ray was engaged in the business of operating a tourist camp, lunch room, and gasoline station in Franklin county, Ky. The land on which he conducted his business was owned by Mrs. R. A. Brawner. Ray rented it for a period of ten years, with a privilege of ten years additional. At the time he rented it there was a barn and silo on it. He erected on the land a building 30x24 feet, consisting of five rooms; the front one was used for a store which was equipped with store furnishing and fixtures and used for the conducting of a store. He had on hand a stock of goods, and his household and kitchen furniture, all of which was in this building on the 3d day of July, 1930, when he obtained through McClure's Insurance Agency, Frankfort, Ky., a policy of insurance, with New York Underwriters' Insurance Company, insuring him for a period of one year, beginning July 3, 1930, against loss by fire in the sum of $1,000 on the building, $500 on the furniture and fixtures, and $1,500 on the household goods and kitchen furniture. On the 28th of July, 1930, the building and its contents were destroyed by fire. On the presentation to it of his proof of loss, the company denied its liability. This action was instituted to recover of it the amount of the policy. In separate paragraphs of its answer the company quoted from its policy, and relied upon as its defense, the following clauses:

"This entire policy shall be void if the insured has concealed or misrepresented in writing or

otherwise any material fact or circumstance concerning this insurance or the subject thereof.''

"This entire policy shall be void if the interest of the insured in the property be not truly stated.

"This entire policy shall be void in case of any fraud or false swearing by the insured, touching any matter relating to this insurance or the subject thereof, before or after the loss.

"This entire policy unless otherwise provided by agreement endorsed thereon or added to, shall be void * * * if the subject of insurance be a building not owned by the assured in fee simple.''

The manager of the agency who countersigned and delivered the policy to Ray, and his assistant who was present at the time, claim that at that time or any previous time, they had no knowledge or information of the fact that the building was on leased ground. Ray claims that during the negotiations for and at the time of the delivery of the policy to him he imparted to them the fact that the building was on leased ground and he gave them the name of its owner. The court in his endeavor to submit this issue to the jury gave the following insrtuctions:

"The court instructs the jury that if you believe from the evidence when the plaintiff, Asa Ray purchased the insurance policy herein from the defendant, through its agent, McClure, that he failed to state that the building he insured was on leased premises, and the defendant did not know or did not have knowledge that said building insured was on leased premises, and if you further believe from the evidence that if the agent for the defendant company had known said building was on leased premises he would not have written the insurance, then the law is for the defendant and the jury should so find.''

In its presentation of the case to this court the company confines its insistence to the argument that the judgment should be reversed because of this instruction. This instruction did not properly present to the jury the company's defense predicated on that clause of the policy providing that it should be void if the subject of the insurance was a building on ground

not owned by the insured in fee simple. Such provision does not fall within the rule applicable and controlling provisions embracing representations or warranties. The parties to the contract had the right to include this provision in it. Its inclusion is binding on both the company and Ray. French v. Delaware Ins. Co., 167 Ky. 176, 180 S. W. 85; Niagara Fire Ins. Co. v. Layne, 162 Ky. 665, 172 S. W. 1090; National Union Fire Ins. Co. v. Hall, 233 Ky. 337, 25 S. W. (2d) 738; Dixie Fire Ins. Co. v. Greer, 233 Ky. 334, 25 S. W. (2d) 743; Ohio Valley Fire & Marine Ins. Co. v. Skaggs, 216 Ky. 535, 287 S. W. 969.

The contract of insurance on the building and its contents is inseparable under the policy of the company. If it is void as to the building because of the insured's want of title, it is void as to the contents. Niagara Fire Ins. Co. v. Layne, and Ohio Valley Fire & Marine Ins. Co. v. Skaggs, supra. Under the rule enunciated in these cases and the evidence introduced, the jury should have been directed to find for the company unless it believed from the evidence that Ray, prior to or at the time the policy was delivered to him or during the negotiations with the agent of the company for the policy, imparted to the agent knowledge of his title by the lease to the ground on which the building was located. Rhode Island Underwriters' Ass'n v. Monarch, 98 Ky. 305, 32 S. W. 959; Mutual Fire Ins. Co. of New York v. Hammond, 106 Ky. 386, 50 S. W. 545; London & Lancashire Fire Ins. Co. v. Gerteisen, 106 Ky. 815, 51 S. W. 617; Crawford's Adm'r v. Travelers' Ins. Co. of Hartford, Conn., 124 Ky. 733, 99 S. W. 963, 124 Am. St. Rep. 425; Continental Ins. Co. of N. Y. v. Simpson, 220 Ky. 167, 294 S. W. 1048; Wilson v. Germania Fire Ins. Co., 140 Ky. 642, 131 S. W. 785.

The company having allowed its agent, McClure, to solicit the insurance, receive and accept the application, countersign and deliver the policy, and collect the premium, such agent, while so engaged, if he received from the insured knowledge of the status of the insured's title to the ground on which the building was at the time situated, had the power to waive the provisions of the policy relating to the insured's title in fee simple, and to bind the company, notwithstanding such provision of the policy. Insurance Company of North America v. Brinkley, 219 Ky. 44, 292 S. W. 491.

For the error in the giving of the instruction the judgment is reversed for proceedings consistent with this opinion.