## Haselden v. Home Insurance Co. of New York.

(Decided Jan. 17, 1933.)

C. C. BAGBY, CHENAULT HUGUELY, and R. S. ALCORN, for appellant.

T. M. GALPHIN, Jr., and GORDON, LAURENT & OGDEN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The determinant question presented by this appeal is one of fact, and since the facts are not disputed, therefore it becomes one of law. Consolidated Coal Company v. Ratliff, 217 Ky. 103, 288 S. W. 1057; Warfield Natural Gas Co. v. Muncy, 244 Ky. 213, 50 S. W. (2d) 543.

On April 19, 1927, A. S. Haselden and Maymie Haselden were the owners of a house and lot situated in Lincoln county, Ky. They occupied it as a home, with their household and kitchen furniture. The Home Insurance Company of New York issued and delivered to them a policy of insurance, insuring the house for $1,500 and the household and kitchen furniture for $500, against loss by fire, for a period of five years, for an agreed premium, for which they executed and delivered their note payable in annual installments. At and prior to the time its policy was accepted by them, the Ameri-

532

can Insurance Company had issued and delivered its policy to them, insuring the same property against loss by fire for a portion of the time covered by the policy of the Home Insurance Company of New York. The agent of the Home Insurance Company of New York, and the company itself, had no knowledge of the existence of the policy of the American Insurance Company, and the Haseldens did not disclose to either of them the fact the property, at that time, was insured against loss by fire by a policy of the American Insurance Company.

On August 14, 1927, the dwelling, household, and kitchen furniture so insured by the policies of both the Home Insurance Company of New York and the American Insurance Company were completely destroyed by fire. The Home Insurance Company of New York denied its liability. The Haseldens instituted this action to recover of it $2,000, the face value of the policy. It interposed three defenses: (1) That in their written application Haseldens represented there was no insurance in any other company, covering the property, and that this statement in the application was substantially untrue, and the company, acting reasonably and naturally in accordance with the usual course of fire insurance companies, under similar circumstances, would not have accepted their application and issued the policy if the truth had been stated in it; (2) the statement in their written application that the property was not covered by other insurance was untrue and known by them to be untrue at the time of the making of the application and the receipt of the policy, and was made by them for the purpose of deceiving the insurance company and procuring its policy thereby, and that the company relied upon their statement in this respect, and was deceived into issuing its policy by reason of such untrue statement; (3) it was stipulated in the policy that, if the insured, without consent, indorsed on the policy, "has now, or shall hereafter procure any other contract of insurance, whether valid or not, on any of said property—then in each and every one of the above cases this policy shall be null and void."

During the progress of the trial, the insurance company dismissed so much of its answer as presented the first two defenses, and relied exclusively on the third.

In his testimony, A. S. Haselden admitted the existence of the policy with the American Insurance Com-

pany, and that its existence was not disclosed to the agent of the Home Insurance Company of New York, during the negotiations for, nor at the time he procured, the policy of the Home Insurance Company of New York.

The testimony in behalf of the Haseldens does not tend to show any knowledge on the part of the Home Insurance Company of New York, or its agents, of the existence of the policy of the American Insurance Company. A directed verdict for the Home Insurance Company of New York was returned by the jury; the judgment was accordingly entered. The Haseldens appeal.

It is their insistence that the provisions of the policy of the Home Insurance Company of New York upon which it relies as the basis of its defense, does not relieve the company in order to present a defense of the duty of both alleging and proving either fraud or misrepresentation of a fact material to the risk, or a breach of warranty. To sustain this argument they present section 639 Ky. Statutes; Niagara Fire Ins. Co. v. Mullins, 218 Ky. 473, 291 S. W. 760; Germania Ins. Co. v. Rudwig, 80 Ky. 223; Kentucky Live Stock Ins. Co. v. McWilliams, 173 Ky. 92, 190 S. W. 697; Queen Ins. Co. v. Cummins, 206 Ky. 300, 267 S. W. 144. The principles enunciated in these cases have no application in the present case. The provision of a policy against additional insurance does not come within the principles applicable where the defense is fraud, or misrepresentation of a fact material to the risk, or a breach of warranty. New York Underwriters' Ins. Co. v. Ray, 246 Ky. 105, 54 S. W. (2d) 627. The Haseldens and the Home Insurance Company of New York had a right to make a part of the insurance contract any stipulation or agreement they desired. They had the right to include the provision rendering the contract of insurance void, if the insured had theretofore procured any contract of insurance, whether valid or not, on any of the property covered by the policy. The inclusion of such a provision is binding on both the company and the Haseldens. French v. Delaware Insurance Co., 167 Ky. 176, 180 S. W. 85; Niagara Fire Ins. Co. v. Layne, 162 Ky. 665, 172 S. W. 1090; National Union Fire Insurance Company v. Hall, 233 Ky. 337, 25 S. W. (2d) 738; Dixie Fire Ins. Co. v. Greer, 233 Ky. 334, 25 S. W. (2d) 743; Ohio Valley Fire & Marine Ins. Company's

Receiver v. Skaggs, 216 Ky. 535, 287 S. W. 969; New York Underwriters' Ins. Co. v. Ray, 246 Ky. 105, 54 S. W. (2d) 627.

The contract of insurance measures the rights of the parties thereunder, the same as a contract about any other subject-matter. Mutual Benefit Life Ins. Co. v. O'Brien (Ky.) 116 S. W. 750. Any provision may be inserted in a policy restricting the liability of the company as it may deem proper, provided such provision is not unreasonable, illegal, or contrary to public policy. Glens Falls Ins. Co. v. Elliott, 218 Ky. 327, 291 S. W. 705; Standard Auto Ins. Ass'n v. Neal, 199 Ky. 699, 251 S. W. 966, 35 A. L. R. 1468. The court, in determining the liability of the company under its policy, must give effect to all of its provisions, liberally construed in favor of the insured. Ætna Life Ins. Co. v. Bowling Green Gas Light Co., 150 Ky. 732, 150 S. W. 994, 43 L. R. A. (N. S.) 1128. When interpreting and construing it, the court may not add to, or strike from, the conditions of the policy. Fidelity & Casualty Co. of New York v. Bynum, 221 Ky. 450, 298 S. W. 1080. While a forfeiture of an insurance policy is never permitted, unless right thereto is clearly established (Morgan v. Inter-Southern Life Ins. Co., 221 Ky. 582, 299 S. W. 186), but where the forfeiture is expressly provided for by a provision of the policy, it is the duty of the court to permit the policy to operate according to its own expressed language. Security Ben. Ass'n of Topeka, Kansas, v. Reising, 227 Ky. 804, 14 S. W. (2d) 150. This rule is based upon the theory that the court cannot make a contract of insurance for the parties so as to exclude language providing for a forfeiture, but must declare their rights to a forfeiture according to the provisions of the contract as made by the parties themselves. Phœnix Ins. Co. v. Stevenson, 78 Ky. 150. Where the insured accepts the policy, conditioned, as in this case, "that if the insured without consent herein and shall now, or shall hereafter procure any other contract of insurance whether valid or not, on any of said property, this policy shall be null and void," such provision is binding on both the insurer and the insured, and also the courts in an action to enforce it. If, at the time of the issuance of the policy without the knowledge or consent of the company, other or additional insurance existed on the property in another company, this fact, when relied upon by the issuing insurance

company, presents a complete defense. Stevenson v. Phœnix Ins. Co., 83 Ky. 7, 4 Am. St. Rep. 120; Powell v. Phœnix Ins. Co., 10 Ky. Law Rep. 80; Boatman's Fire & Marine Ins. Co. v. James & Bedford, 10 Ky. Law Rep. 816; Davis v. Northwestern Mut. Ins. Co., 12 Ky. Law Rep. 844; Northwestern National Ins. Co. v. Avant, 132 Ky. 106, 116 S. W. 274; Hurst Home Ins. Co. v. Deatley, 175 Ky. 728, 194 S. W. 910, L. R. A. 1917E, 750. The admitted existence of the policy in the American Insurance Company on the subject of the insurance covered by the policy of the Home Insurance Company of New York, without its or its agent's knowledge, entitled the company to enforce the forfeiture provision of its policy. The undisputed facts required a directed. verdict.

Judgment affirmed.