## Citizens' Insurance Company of New Jersey v. Railey et al.

(Decided Dec. 18, 1934.)

F. M. DRAKE and RICHARDSON & REDFORD for appellant.

B. F. DENHAM and FRANK W. JONES for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

G. T. Railey instituted this action seeking to recover from the Citizens' Insurance Company of New Jersey the sum of $1,000 on a fire insurance policy issued to him and covering a farm dwelling which has been destroyed by fire.

Anticipating defenses that would probably be made, he alleged in his petition that he made no application,

oral or written, for the insurance, nor did he make any representation or statement as to his title to the property. He further alleged that at the time the property was destroyed by fire, he and Mae Railey Leftwich and Grace Railey Wolz were the sole owners of one-third each for and during their lifetime and then to their children.

The company filed special demurrer to the petition, and, before the court passed upon the special demurrer, Mae Railey Leftwich and Grace Railey Wolz were permitted to file a petition to be made parties plaintiff and alleged that they and G. T. Railey were the joint owners of the property described in the petition. They further alleged that G. T. Railey, acting for himself and as agent for them contracted with the company for the policy sued upon and that the insurance agent knew of their interest in and to the property insured, but by fraud or mistake, their names were omitted from the policy and they asked for a reformation to carry out the intention of the parties.

Thereafter, G. T. Railey filed an amended petition wherein he alleged that although the policy was issued in his name only, it was in fact for the benefit of the owners of the property, one-third each, and that the company knew that the ownership of the property was in him and his wife and daughter, the intervening petitioners; that he did not know the policy was made to him alone until the company raised the question, he having made no written application for the policy.

The first paragraph of the company's answer traversed the allegations of the petition and in a second paragraph in avoidance of liability it set up certain provisions of the policy with respect to the application and statements in the application respecting the title of applicant. It further set up a provision of the policy that it shall be void if the insured should not be the sole and unconditional owner in fee of the property insured thereby and alleged that the applicant and insured, G. T. Railey, was not the sole, absolute, and unconditional owner of the property, but was the owner of an undivided one-third life interest therein and filed with and made a part of the answer the deed under which G. T. Railey and his wife and daughter claimed title to the land. The deed provided:

"* * * At the death of second parties herein, that this land is to go to their children, if any liv-

ing; if none living, then to their grandchildren, if any living; and if none of either living then this land shall revert [go back] to the estate of first parties herein.''

By stipulation entered of record, Grace Railey Wolz and Mae Railey Leftwich withdrew so much of their intervening petition as asked a reformation of the contract and the company withdrew the allegations of its answer pertaining to the application for the policy in litigation. It was further stipulated that the affirmative matter in the amended petition be controverted of record.

The cause having been submitted without the intervention of a jury, the court, after hearing the evidence, adjudged that G. T. Railey recover of the company the sum of $1,000 and that plaintiffs each are entitled to one-third of that sum; it being shown that they own an undivided one-third life interest in the insured property. The company is appealing.

Mr. Railey testified that it was the understanding between him and the other appellees that he was to handle the property and account to the other joint owners for rent and was authorized by them to attend to the business and that the insurance was taken for the benefit of all three of them. Mrs. Leftwich testified that Mr. Railey looked after the property and was supposed to keep it insured and to divide with them the net proceeds derived from the property.

As the sole ground for reversal, appellant is relying upon the provisions of the contract that ''if assured shall not be the sole and unconditional owner in fee of said property * * * this policy shall be null and void.''

Counsel for appellees admit that neither they nor any of them are the sole and unconditional owners of the property, however, it is argued (1) that assured did own an insurable interest in the property and (2) that, in the absence of fraud, a policy will not be invalid even though the insured is not the sole unconditional owner; that if he has pecuniary interest in the property insured equal to or greater than the amount of the insurance, it is not material to the risk that some other person has some interest in the property or that the assured does not own the absolute or unconditional title. In support of these contentions they cite Hartford Fire Insurance Co. v. Haas, 87 Ky. 531, 9 S. W. 720, 10 Ky. Law Rep. 573, 2 L. R. A. 64; Germania Fire Insurance Co. v.

Nickell, 178 Ky. 1, 198 S. W. 534; Hartford Fire Insurance Co. v. McClain, 85 S. W. 699, 27 Ky. Law Rep. 461; Wilson v. Germania Fire Insurance Co., 140 Ky. 642, 131 S. W. 785; Germania Insurance Co. of N. Y. v. Rudwig, 80 Ky. 223; Kenton Insurance Co. v. Wigginton, 89 Ky. 330, 12 S. W. 668, 11 Ky. Law Rep. 539, 7 L. R. A. 81; Firemen's Fund Insurance Co. v. Meschendorf, 14 Ky. Law Rep. 757.

Without entering into a detailed review of these authorities, it may be said of the first six cases, one, namely that of Germania Insurance Co. v. Rudwig, involves a life insurance policy and holds in effect that an honest belief in the truth of the statements made by assured in his application, when not material to the risk, although untrue when made, will not invalidate a life policy. The other five are actions on policies containing a provision similar to the one here where the insurer sought to avoid liability on the ground that the insured was not the sole and unconditional owner. In some of them the property held in fee by the insured was encumbered by a purchase-money or mortgage lien. We note that in each of them the agent of the insurer had knowledge of the outstanding lien or of the condition of the title of the insured.

In the last case the property was encumbered by a mortgage. It was held in effect that notwithstanding a provision similar to the one under consideration here, the failure of the applicant for fire insurance to give information as to the existence of a lien upon the property sought to be insured did not invalidate the policy if no inquiry was made as to the matter, unless the fact was intentionally and fraudulently concealed, and unless it was material to the risk, and that rule has been followed in later cases. See Germania Fire Insurance Co. v. Nickell, supra; Miracle v. New York Underwriters' Co., 241 Ky. 406, 44 S. W. (2d) 280.

All of the cases cited and relied on by counsel for appellees recognize the validity of the provision in a policy providing that it shall be void if the insured is not the sole and unconditional owner in fee of the insured property, but permitted recovery because the agent of the insurer had knowledge of the nature and extent of the title of insured. An insurance company may waive such provisions in its policy and the knowledge of its agent being its knowledge, does so waive it, where the agent is acquainted with the nature and ex-

tent of the insured's title. New York Underwriters' Insurance Co. v. Ray, 246 Ky. 105, 54 S. W. (2d) 627. While appellees allege in their petition as amended that appellant and its agent had knowledge of all the facts concerning the title to the property, this was put in issue by a denial and there is an utter absence of proof to sustain such allegations.

There is likewise a failure of proof to sustain appellees' controverted allegation that appellant or its agent knew that G. T. Railey was acting as agent for the other appellees or that the policy was taken out for the benefit of all of them.

It is a rule of general application that the knowledge of an insurance company or its agent which will form the basis for the waiver of a provision in the policy must be actual notice and constructive notice imparted by the recordation of a deed is not sufficient. 14 R. C. L. 1172; Mutual Fire Insurance Co. v. Deale, 18 Md. 26, 79 Am. Dec. 673; Jeffords v. Tokio Marine, etc., Insurance Co., 123 S. C. 467, 117 S. E. 79. Our statutes relating to the recordation, etc., of deeds (Ky. Stats. sec. 494 et seq.), like the statutes of practically all other states, merely provide that to make such instrument effectual against purchaser, encumbrancers, and creditors, they shall be recorded and insurer does not fall into any of the classes to which the recorded instrument brings notice. The fact that appellees' deed was a matter of public record was not sufficient to bring actual notice to appellant and therefore cannot be relied on as the basis for waiver. The fact that insured made no application nor any representations concerning his title does not in the circumstances alter the situation. When he accepted the insurance policy, he accepted it with the conditions imposed upon him by the terms thereof. Niagara Fire Insurance Co. v. Mullins, 218 Ky. 473, 291 S. W. 760.

Contracts of insurance like contracts concerning any other subject-matter measure the right of the parties thereto and provisions in an insurance policy restricting or limiting the liability of the company will be given effect by courts unless they are unreasonable, illegal, or contrary to public policy; and while forfeiture of insurance contracts are not favored by law and will not be permitted unless clearly established, they are, subject to the exceptions above indicated, valid and will be permitted to operate when expressly provided for

under the terms of the policy. Haselden v. Home Insurance Co. of N. Y., 247 Ky. 530, 57 S. W. (2d) 459.

In the latter case, there was a provision in the policy that if the insured without consent of the company had or should thereafter procure any other insurance on the property, the policy should be null and void. When the policy was issued, the property covered by it was insured against loss by fire under a policy issued by another company, but the agent of the company had no notice of that fact and it was not disclosed by the insured. It does not appear that insured made written application for the insurance. It was held that in the circumstances the provision of the policy pleaded in avoidance of liability presented a complete defense.

In the case of National Insurance Co. v. Hall, 233 Ky. 337, 25 S. W. (2d) 738, 739, it is said:

"The provision in the policy that it should be void if the interest of the insured was other than unconditional and sole ownership, or if the subject of the insurance was a building on ground not owned by the insured in fee simple, was and is a valid provision and has been upheld and sustained by the courts of this state and the courts of all of our sister states. [Citing cases.]"

While because of proven circumstances the opinion in that case called forth a vigorous dissent on the part of three members of the court, the rule enunciated in it and the cases therein cited still remain a fixed policy of this court. See New York Underwriters' Insurance Co. v. Ray, 246 Ky. 105, 54 S. W. (2d) 627; Haselden v. Home Insurance Co. of N. Y., supra.

Unquestionably appellees had an interest in the property which they might have protected under a proper contract or under proper disclosure to the company, but the contract was made with G. T. Railey alone with nothing but the unsupported allegations of appellees to indicate that he contracted for the policy for the benefit of himself and the other parties in interest or that he acted as agent for them. In the absence of fraud or mistake, neither of which have been shown, he is bound by the terms of the policy which he accepted. Therefore, it is apparent that under the authorities cited, neither he nor the other appellees are entitled to recover under the contract.

After judgment had been rendered, G. T. Railey entered a motion to set aside the order of submission.

and the judgment, and, in support thereof, filed his own affidavit to which he attached a former policy which had been issued to him covering the same property. In the affidavit it is stated that the local agents, representing appellant at the time he took the policy in controversy, were also agents for the Henry Clay Fire Insurance Company which was formerly engaged in business in this state; that the latter, whose business had been taken over by appellant, had carried insurance on the property destroyed by fire since 1918, and since 1924 the policies contained the same provisions as the one in controversy in regard to the title; that he at no time filed application for insurance and made no representations to the agent as to the title to the land upon which the dwelling was situated, but that the agent each year had sent to plaintiff a policy and he paid the premium thereon; that he never read the policy and had no idea of law or of his legal rights; that he never divulged these facts to his attorneys and he therefore asked that the judgment be set aside so as to enable him to prove the facts set forth in his affidavit. The court overruled his motion and it is insisted by counsel for appellees that this was error. The situation would not in any wise have been changed if he had testified all the facts set forth in the affidavit, since it was not made to appear by the affidavits or otherwise that Mr. Railey ever disclosed to the agent of the company the nature or the extent of his title, nor that the company or its agent was ever acquainted with these facts. For this and for other reasons which it is unnecessary to discuss, the court did not err in refusing to set aside the judgment and reopen the case. By agreement of parties, this action was to be heard and treated as an equitable action.

Wherefore the judgment is reversed with directions to enter judgment in conformity with this opinion.

Whole court sitting, except Judge Richardson who took no part in the consideration of the case.