## Roberts v. London & Lancanshire Ins. Co.

April 26, 1940.

W. H. Spragens, Judge.

Abel Harding and P. K. McElroy for appellant.
Frank M. Drake and P. A. Bertram for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF— Affirming.

The appellant brought this action against appellee to recover of it on an insurance policy issued by appellee to appellant July 12, 1938, insuring appellant's store building against loss or damage by fire in the sum of $750 and also insuring his stock of merchandise in the building in the same sum or, a total of $1,500 on both items of property.

It appears that at the time the insurance policy sued on was issued appellant had other insurance on the same property in the same amount on each item, or, a total of $1,500, plus the policy sued on, making a total sum of $1,500 on *each* item of property or an aggregate sum of $3,000 on both items.

On September 13, 1938, appellant procured additional insurance with another agency in the sum of $1,500 on each item of property or a total of $3,000 plus the previous $3,000 mentioned above, thus making a total sum of $6,000.

On September 20, 1938, one week after the issuance of the $3,000 additional insurance mentioned above, appellant's store building and stock of merchandise was destroyed by fire.

The petition alleges in the usual form the issuance of the policy sued on and the destruction of the property insured. Appellee filed its answer denying certain material allegations of the petition, and by paragraph 2 pleaded as a defense to appellant's right to recover on the policy sued on which was issued July 12, 1938, certain provisions of the policy contract. The original or printed form policy prohibited any additional insurance on the property unless otherwise provided by agreement indorsed or added to the policy. However, there was a printed form attached to the policy which permitted insurance not exceeding a stipulated amount on the value of the property insured, and later a second and final rider was attached to the policy which expressly abrogated that part of the former rider and in lieu thereof permitted total insurance of $3,000, including the policy sued on. The pertinent part of the last rider reads as follows:

> "It is a condition of this insurance that the permit in the policy form attached to the policy granting permission for other insurance is hereby

abrogated and in lieu thereof permission is hereby given for other insurance on items covering on personal property; provided, however, if any item of this policy covering on personal property is made subject to conditions of a Three-Fourths Value Clause, this permit, as applying to such item, is made subject to all the conditions of said Three-Fourths Value Clause.

"Other insurance permitted on items covering on buildings, but the total amount of insurance permitted (including this policy) shall in no case be in excess of the following stipulated amounts: Item No. 1. $1500, Item No. 2 $1500."

Under the provisions of the printed form or original policy, all riders attached thereto became a part of the policy contract. It is thus seen from the rider quoted above that appellant contracted not to procure additional insurance in a sum so as to exceed $1,500 on each item of property or a total of $3,000, on both items.

Appellee further alleged in its answer that at the time of the fire alleged in the petition, appellant was carrying and had in effect contracts of insurance aggregating the sum of $3,000 on the building insured by the policy sued on and aggregating the sum of $3,000 on the contents of the building or stock of merchandise insured by the policy sued on, and set out the names of the companies carrying said insurance and further alleged that appellant procured said additional insurance in violation of and contrary to the provisions of the policy sued on and during its effective date, and subsequent to the time it was issued.

Appellant filed a reply denying certain allegations of the answer and pleaded certain other matters not material to the determination of this case, and for reply to paragraph 2 of appellee's answer he pleaded the provisions of the policy set out above, denied that the total amount of insurance permitted by the policy sued on is or has been exceeded or the contract has been violated by the carrying of other insurance in excess of the amount permitted in the policy and denied "that any facts plead herein are in violation of the provisions of the policy sued on herein or in bar of any recovery." He further alleged that upon the first page of the policy sued on is found the statement "other insurance per-

mitted," and stated that the policy sued on "was drafted and prepared exclusively by the defendant company and presented to the plaintiff for his signature and that said defendant is now barred by its own language and contract of insurance prepared by it and its experts; and that by reason of the ambiguity, if any, or uncertainty, if any, in the provisions of said policy, the defendant company is now estopped to deny any and all liability flowing out of the language and provisions of said contract and growing out of the loss sustained by reason of said fire."

The court sustained a demurrer to paragraph 2 of the reply and appellant failing to plead further judgment was entered dismissing his petition. This appeal follows.

The policy and all riders thereto attached is filed with plaintiff's petition as an exhibit thereto and made part of the petition and speaks for itself. It is to be noted that in paragraph 2 of appellant's reply he did not deny that he had procured additional insurance at the time, in the manner and amount set out in paragraph 2 of the answer. He merely denied that the amount of insurance permitted by the policy had been exceeded or had been violated by the carrying of other insurance in excess of the amount permitted in the policy. These allegations are mere conclusions without any facts being stated in support thereof as well as contrary to the plain language and figures set out in the policy sued on, and plead and relied upon by appellant. Nor do we find any ambiguity in the second rider to the policy limiting the amount of insurance which appellant might carry on the property. It plainly stated that the *total* amount of insurance permitted (including this pol icy) shall in no case be in excess of $1,500 on each item. Appellant not only fails to deny but expressly admits that at the time the fire occurred he had insurance on the building and its contents in the aggregate sum of $6,000, which was $3,000 more than the sum permitted under the contract sued on. He merely relies on the alleged ambiguity contained in the rider, wherein "other insurance" is permitted, but fails to recognize language equally as clear that in no event the total amount of insurance, including all policies, shall not exceed $1,500 on each item or a total of $3,000.

Appellant also insists on the allegations of his petition that the amount of insurance carried by him ($6,000) does not exceed the value of the property lost by the fire, and for that reason he is entitled to have his case submitted to the jury, and in support thereof cites the case of Niagara Fire Ins. Co. of N. Y. v. Johnson, 231 Ky. 426, 21 S. W. (2d) 794. However, an analysis of that opinion readily discloses that it has no application to the present case and furnishes no authority for appellant's contention. We do not find under the pleadings and facts of this case that the question of value of the property lost is involved. It is simply a question of contract. It has often been held by this court that insurance contracts limiting the amount of insurance to be carried on property are valid. Northwestern National Ins. Co. v. Avant, 132 Ky. 106, 116 S. W. 274; Hurst Home Ins. Co. v. Deatley, 175 Ky. 728, 194 S. W. 910, L. R. A. 1917E, 750; Haselden v. Home Ins. Co., 247 Ky. 530, 57 S. W. (2d) 459; Continental Ins. Co. v. Riggs, 277 Ky. 361, 126 S. W. (2d) 853, 121 A. L. R. 1421.

Since it is not denied and in fact expressly admitted by appellant that he procured additional insurance on the property insured by the policy sued on, it follows that paragraph 2 of appellee's answer presented a valid defense to appellant's right to recover on the policy. It results that the court below did not err in sustaining the demurrer to paragraph 2 of appellant's reply.

Judgment affirmed.